345 So.2d 1088 (1977)
FIRST REALTY INVESTMENT CORPORATION, a Delaware Corporation and Fri Construction Services Corporation, a Florida Corporation, Appellants,
v.
Robert P. GALLAHER, Jr., et al., Appellees.
No. 76-775.
District Court of Appeal of Florida, Third District.
May 3, 1977.
Rehearing Denied June 6, 1977.
Kelly, Black, Black, & Kenny and Michael Nachwalter, Miami, for appellants.
Pallot, Stern, Proby & Adkins, Miami, Marko, Stephany & Lyons, Ft. Lauderdale, for appellees.
Before HENDRY, C.J., NATHAN, J., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
This is an appeal from a judgment entered in favor of plaintiff-appellee and against defendants-appellants on an oral employment contract for a bonus.
*1089 Appellants, in urging reversal, raise many points on appeal, however, we need only address ourselves to the following point, to-wit: appellee's claim is barred by the statute of frauds provision forbidding actions on oral agreements not to be performed within the space of one year from the date of the making of the agreement.
Factually, appellee Robert P. Gallagher was awarded a judgment of $209,000.00 against appellants First Realty Investment Corporation (FRI) and FRI Construction Services Corporation (FRICSC), FRI's wholly owned subsidiary, on an oral employment contract for a bonus. The contract allegedly arose out of a discussion between Gallagher and one Stanley J. Magenheimer, vice-president of FRI, concerning the question of incentives to be built into Gallagher's compensation as vice-president of the newly formed FRICSC. According to Gallagher, he was to receive, along with a salary, fifteen percent (15%) of the annual net profits of FRICSC, before taxes, as an interim bonus, until such time as a stock option plan for key employees could be put into effect. The alleged conversation and agreement was not evidenced by any written contract as to the bonus, nor was there any record of such an agreement on the books of either appellant corporation.
The trial judge, in his findings of fact and conclusions of law, determined that an agreement for the bonus had in fact been reached and "could be accomplished and brought to an end well within a year and could terminate at any time, namely, upon the occurrence of the death of either Robert P. Gallagher, Jr. or upon his resignation or upon his firing ..., or on the implementation of the stock option plan, any of which could have occurred at any time after the date of the agreement between the plaintiff and the defendants concerning the plaintiff's remuneration." Thus, the trial judge concluded that the statute of frauds had no application sub judice. We disagree and reverse.
Section 725.01, Florida Statutes (1975), the Statute of Frauds, provides in pertinent part that:
"No action shall be brought ... upon any agreement that is not to be performed within the space of one year from the making thereof, ... unless the agreement or promise upon which such action shall be brought, or some note or memorandum thereof shall be in writing and signed by the party to be charged therewith or by some other person by him thereunto lawfully authorized."
Even assuming the existence of an agreement, a fact which we have difficulty in accepting given the lack of both written memoranda and corroborative testimony by similar key personnel on the subject of bonuses, we nevertheless are of the view that the aforementioned agreement violated the above cited statute and is therefore unenforceable.
It is undisputed that the alleged agreement upon which Gallagher recovered is strictly oral. Therefore, in order to avoid the statute of frauds, the agreement must have been capable of performance within one year from its "making." The trial judge incorrectly reasoned that the contingencies of death, resignation and/or firing could take the agreement out of the statute's control. See Niagara of Florida, Inc. v. Niagara Therapy Manufacturing Corporation, 231 So.2d 277 (Fla. 2d DCA 1970); 72 Am.Jur.2d, Statute of Frauds §§ 15, 16 (1974); compare Schenkel v. Atlantic National Bank of Jacksonville, 141 So.2d 327 (Fla. 1st DCA 1962), a personal service contract "for life" case where the contingency of death did take the agreement out of the statute of frauds.
The primary factor to be utilized in determining whether or not an oral contract is to be performed within the one year limitation of the statute is, of course, the intent of the parties. Markowitz Brothers, Inc. v. John A. Volpe Construction Co., 209 F. Supp. 339 (S.D.Fla. 1962). Sub judice, the intent was clear. Profits from the newly formed FRICSC, from which the interim fifteen percent (15%) bonus was to be taken, were not even expected for at least sixteen (16) months after the agreement's inception. The trial judge erroneously *1090 viewed the interim bonus agreement as separate and distinct from the stock option plan and therefore reasoned that upon implementation of the latter, allegedly within six or eight months from the making of the agreement, the terms of the employment agreement would be fulfilled and the statute satisfied. Such rationale is not founded upon the contents of the record and is clearly contrary to the intent of the parties.
In addition, appellees argue alternatively that should the statute of frauds void the agreement, Gallagher should nevertheless recover damages via the doctrines of estoppel and/or part performance. In that Gallagher was paid a salary and did receive certain bonuses during the course of his employment (although much less than allegedly promised him), we do not believe that he suffered any unjust or unconscionable injury, or performed any extraordinary work not covered by his regular salary, as would permit the application of either of the above doctrines. Rowland v. Ewell, 174 So.2d 78 (Fla. 2d DCA 1965).
Finally, we address ourselves to the counterclaim filed by appellants against appellees Gallagher, Isen, Jasinski and the Monitor Group, Inc. Both Isen and Jasinski, like Gallagher, were former officers of FRICSC and the Monitor Group, Inc., was a corporation established by appellees to compete with FRICSC. The counterclaim alleged that appellees breached their fiduciary duties to appellants and intentionally interfered with their advantageous business relationships by confiscating confidential records of FRICSC and by "stealing" FRICSC's clientele.
The trial judge denied recovery on the counterclaim and, as there was competent substantial evidence to support his decision, we affirm.
In conclusion, after having considered the record, all points in the briefs and arguments of counsel in the light of the controlling principles of law we hold that appellee-Gallagher's claim for a bonus based upon an alleged oral agreement was barred by the statute of frauds and therefore, that portion of the final judgment awarding Gallagher damages is reversed. As pertains to the counterclaim filed by appellants, the final judgment is affirmed.
Affirmed in part; reversed in part.