NESBITT, Judge.
This is an appeal from a final judgment specifically enforcing an oral land sale contract in favor of the former husband against his ex-wife. We find that the husband failed to either plead or establish his cause of action and, therefore, we reverse.
Following a dissolution of marriage, the husband and wife were left as tenants in common of separate parcels of real estate. The wife filed a complaint for partition of the properties. They then entered into negotiations culminating in a written contract for the husband to convey his interest in the Montclair Apartments to the wife. Although negotiations were entered into regarding another parcel, the Orange Bowl property, no agreement was reached. Consequently, the Orange Bowl property was excluded from the contract of sale. After the sale was consummated, the husband filed an answer to the suit for partition and counterclaimed for specific performance. He alleged that an oral contract was entered into whereby the wife agreed to convey to the husband her interest in the Orange Bowl property, as part of the consideration for conveyance to the wife of the husband’s interest in the Montclair Apartments. In response to the wife’s affirmative defense of the Statute of Frauds, § 689.01, Fla.Stat. (1979), the husband argues that the closing on the Montclair Apartments constituted partial performance of a transaction involving the two properties, thereby taking the contract out of the Statute of Frauds. Prior to trial, the wife took a voluntary dismissal of her suit for partition. After a final evidentiary hearing, the husband succeeded on his counterclaim and it was decreed that the wife execute a quitclaim deed to the husband for the Orange Bowl property. It is from this order that the wife appeals.
*245 The husband did not plead or establish a cause of action for specific performance based on the doctrine of part performance. In Avery v. Marine Bank & Trust Company, 216 So.2d 251 (Fla.2d DCA 1968), the court stated:
[TJhere must always be the indispensable element of possession of the premises on the part of the impending grantee.... Possession is the one common denominator in all the eases. If there is no possession given, the oral contract to convey is not enforceable, regardless of the other considerations aforesaid, [emphasis supplied]
See also, Gable v. Miller, 104 So.2d 358 (Fla.1958). Because possession was neither alleged nor proven, the husband’s claim must fail. By specifically mentioning the element of possession, we do not intend to hold that the plaintiff satisfied the other elements necessary to bring his case within the exception to the Statute of Frauds. See generally, Avery v. Marine Bank & Trust Company, supra; 29A Fla.Jur. Specific Performance §§ 27-30 (1967).
The husband attempts to support the judgment appealed from by arguing that the Statute of Frauds may not be used as both a sword and a shield. See W.B.D., Inc. v. Howard Johnson Company, 382 So.2d 1323 (Fla. 1st DCA 1980). We do not find that rule to be applicable to the present case. When the husband conveyed his interest in the Montclair Apartments to his former wife, he did so pursuant to an express written contract which contained no reference to the Orange Bowl property. Since the benefit which accrued to the wife was solely from the written contract, she is not barred from raising the Statute of Frauds as a defense to the alleged oral contract.
For the foregoing reasons, the judgment appealed from is reversed.