PER CURIAM.
This is an appeal brought by Marianne Teubner (the property owner) from a final judgment which ordered specific performance of an oral contract to sell certain real property. We reverse for two particular reasons:
First: There was no meeting of the minds at any point in time as to certain essential terms of the alleged contract. There was confusion, controversy, and no agreement as to the purchase price and as to the financing or mortgaging arrangements. Such lack is fatal as concerns specific performance. Farrell v. Phillips, 414 So.2d 1119 (Fla. 4th DCA 1982); Mehler v. Huston, 57 So.2d 836 (Fla.1952).
Second: In order to remove an oral contract from the Statute of Frauds and to enforce it, there must be proof of possession of the premises. Polishuk v. Caidin, 411 So.2d 244 (Fla. 3d DCA 1982), pet. for review denied, 417 So.2d 328 (Fla.1982); Avery v. Marine Bank and Trust Company, 216 So.2d 251 (Fla. 2d DCA 1968). Here, there is no such proof of clear and positive acts of possession inconsistent with a finding that appellee (the alleged purchaser) was merely renting the property.
*373 Having considered all points, the advice and arguments of counsel, and the record, the final judgment on appeal is
REVERSED.
HURLEY, DELL and WALDEN, JJ., concur.