454 So.2d 720 (1984)
George BYAM, Appellant,
v.
Richard KLOPCICH, Appellee.
No. 82-376.
District Court of Appeal of Florida, Fourth District.
August 15, 1984.
I. Jeffrey Pheterson of Vassallo, Pheterson & Sack, P.A., Lake Worth, for appellant.
*721 Lee B. Sayler of Girvin & Sayler, Jupiter, for appellee.

OPINION ON REHEARING
ANSTEAD, Chief Judge.
We grant rehearing, withdraw our previous opinion, and now reverse the summary judgment entered below relying on the same reasoning applied in the recent decision of the Second District in Gulf Solar, Inc. v. Westfall, 447 So.2d 363 (Fla. 2d DCA 1984).
We, of course, in reviewing the grant of a summary judgment, must construe the facts and inferences based thereon most favorably to the appellant. The alleged contract in this case, entered into on September 15, 1980, appears to be an employment contract of indefinite duration. According to the appellant, the appellee agreed to pay the appellant the greater of $500 or 20 percent of sales per week, and the appellant agreed to work for the appellee. Such a contract is not within the Statute of Frauds because nothing indicates that the contract was other than a contract for an indefinite period. To construe the contract otherwise would be tantamount to permitting a person, in good faith reliance upon another's promise to pay, to work for almost a full year without compensation for his labor.
The general rule is that an oral contract for an indefinite time is not barred by the Statute of Frauds. Restatement (Second) of Contracts § 130, comment (a) (1981); Yates v. Ball, 132 Fla. 132, 181 So. 341 (1937). Only if a contract could not possibly be performed within one year would it fall within the statute. Yates; Gulf Solar. An example of such a contract was involved in First Realty Investment Corp. v. Gallaher, 345 So.2d 1088 (Fla.3d DCA 1977). In that case the court held that the contract was not intended to be performed within one year because the contract gave one party a share of the profits but profits were not expected for sixteen months. That is simply not the situation involved herein. The facts of this case are virtually identical to those involved in Gulf Solar wherein the Second District approved the trial court's award of damages predicated upon the breach of an oral contract of employment similar to that involved herein:
No error was committed by the denial of the motion for summary judgment. While the parties may have expected Westfall to remain with Gulf Solar for some unknown period of time, Gulf Solar had no obligation to retain Westfall's services and Westfall had no obligation to remain in Gulf Solar's employment for any definite time period. Apparently, Westfall would be retained by Gulf Solar for as long as his performance merited his retention in the view of Gulf Solar.
447 So.2d at 365.
Accordingly, we grant rehearing, reverse the summary judgment entered below and remand this cause for further proceedings consistent herewith.
HURLEY, J., and SHAHOOD, GEORGE, Associate Judge, concur.