487 So.2d 1151 (1986)
Stuart G. MORAITIS, Appellant,
v.
George R. GALLUZZO and Alana Galluzzo, Appellees.
No. 85-1145.
District Court of Appeal of Florida, Fourth District.
April 23, 1986.
Rehearing Denied May 19, 1986.
Ronald P. Gossett of Hodges, Gossett, McDonald, Gossett & Crawford, P.A., Hollywood, for appellant.
C. Lavon Ward, Fort Lauderdale, for appellees.
COWART, EDWARD D., Associate Judge.
This appeal follows a final judgment granting specific performance of an oral agreement for the sale of realty and denying appellant's application for partition and accounting. We reverse.
Appellant, Stuart G. Moraitis, owned a one-half interest in a dental office building as tenants in common with George R. Galluzzo and his wife, Alana, appellees. When the parties entered this transaction, Moraitis and Galluzzo, who are both dentists, agreed to split their operating expenses in half. In addition, they jointly owned some of the dental equipment.
After several years, Moraitis moved his practice from the building he shared with Galluzzo. This prompted Galluzzo to change the locks on the building and to make certain repairs. Moraitis then sued *1152 the Galluzzos for partition of the realty and of the personalty and for an accounting for rents and profit. The Galluzzos, in turn, contended that they had an oral contract to purchase the property from Moraitis and counterclaimed for specific performance.
In order to remove an oral contract for the sale of realty from the Statute of Frauds, Section 725.01, Florida Statutes (1985), a purchaser must pay all or part of the consideration, enter into possession, and make valuable improvements on the property. Miller v. Murray, 68 So.2d 594 (Fla. 1953); Avery v. Marine Bank & Trust Company, 216 So.2d 251 (Fla. 2d DCA 1968). Moreover, the contract remains unenforceable unless the purchaser shows that he is in possession pursuant to the oral contract rather than as a result of a prior tenancy. See Tuebner v. El Dick, 449 So.2d 372 (Fla. 4th DCA 1984); Polishuck v. Cadin, 411 So.2d 244 (Fla. 3d DCA), review denied, 417 So.2d 328 (Fla. 1982). Each of these elements must be proven by clear and convincing evidence. Unatin v. Hudon, 383 So.2d 1131 (Fla. 5th DCA 1980); Hi-Acres Groves, Inc. v. Pope Bassett, 338 So.2d 1076 (Fla. 4th DCA 1976).
Galluzzo failed to carry this burden. First, although the trial court found that there was a contract between the parties, there was no proof that Galluzzo tendered any part of the alleged purchase price to Moraitis. Second, Galluzzo's continued possession of the premises after the departure of Moraitis, and the repairs made on the property are consistent with Galluzzo's ownership of the building as a tenant in common with Moraitis. Consequently, the trial court erred in concluding that Galluzzo's possession was pursuant to the alleged oral contract.[1]
At the same time, we note that where property is held in a tenancy in common, partition is practically a matter of right. Condrey v. Condrey, 92 So.2d 423 (Fla. 1957); Hazelwood v. Hazelwood, 345 So.2d 819 (Fla. 4th DCA 1977). Having defeated Galluzzo's claim for specific performance Moraitis is entitled to judgment on his claim for partition and accounting, including an award for the fair market value of the dental equipment rather than the depreciated value set out in the final judgment which Galluzzo concedes to be erroneous. Accordingly, we reverse the final judgment granting specific performance of the oral agreement and remand the cause for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
ANSTEAD and WALDEN, JJ., concur.
NOTES
[1] The trial court also erred in awarding attorney's fees to Galluzzo, an award made apparently on the erroneous basis that even though partition was denied, the attorneys fee provision in the partition statute applied. See Cannon v. Morris, 407 So.2d 372 (Fla. 1st DCA 1981).