PER CURIAM.
Appellant Anthony Goldman (Goldman) appeals a final summary judgment in favor of appellees Citicorp Savings of Florida (Ci-ticorp) and Mitchell Rubinson (Rubinson) *1125 on Goldman’s claim for specific performance of a land sale contract. Goldman also appeals the trial court’s reservation of jurisdiction to award attorney’s fees to Citi-corp. We affirm the final summary judgment in favor of Citicorp and Rubinson, and reverse the trial court’s reservation of jurisdiction to award attorney’s fees to Citi-corp.
Goldman, through his trustee, offered to purchase certain real property from Citi-corp. Citicorp made a counteroffer to Goldman’s trustee, which included the provision that the counteroffer would be null and void if the contract were not executed by both parties on or before 4:00 p.m., February 10, 1987. The counteroffer also required the trustee to place a deposit of $12,000 in an escrow account by 4 p.m., February 10, 1987. Goldman’s real estate broker told the agent for Citicorp the counteroffer was acceptable, but that Goldman’s trustee was unable to meet the deadline for acceptance specified in the counteroffer. Citicorp’s agent orally agreed to extend the time for acceptance. Goldman’s trustee subsequently executed the contract and deposited the money in an escrow account, but did not do so until after the time specified in the counteroffer had passed. Thereafter, Citicorp executed a contract to convey the property to Rubinson.
Goldman then sued Citicorp and Rubin-son for specific performance, asserting that Citicorp had entered into a binding contract to sell him the property and that the time for acceptance specified in the contract had been extended pursuant to an oral agreement with Citicorp. Both Citicorp and Rubinson moved for summary judgment, claiming Goldman’s action was barred by the Statute of Frauds. § 725.01, Fla. Stat. (1987). The trial court granted summary judgment in Citicorp’s and Rubinson’s favor. The court also reserved jurisdiction to award attorney’s fees to Citicorp. Goldman then brought this appeal.
On appeal, Goldman contends that a contract required to be in writing by the Statute of Frauds may be altered by an oral agreement when the party seeking to enforce the contract has acted in reliance upon such oral agreement, or partially performed under such oral agreement. Citi-corp and Rubinson assert that Goldman has raised no genuine issue of material fact with respect to any exception to the application of the Statute of Frauds. We agree with Citicorp and Rubinson.
In an action for specific performance where the doctrine of “part performance” is raised; one indispensible element of the doctrine is possession of the property by the party seeking the specific performance. Miller v. Murray, 68 So.2d 594 (Fla.1953); Moraitas v. Galluzzo, 487 So.2d 1151 (Fla. 4th DCA 1986); Polishuk v. Caidin, 411 So.2d 244 (Fla. 3d DCA), review denied, 417 So.2d 328 (Fla.1982). Here, it is undisputed that Goldman never had possession of the property. Therefore, the doctrine of part performance is unavailable to Goldman, to avoid application of the Statute of Frauds.
The doctrine of estoppel is also unavailable to Goldman to avoid application of the Statute of Frauds because Goldman did not change his position in reliance upon the oral agreement. See United of Omaha Life Insurance Company v. Nob Hill Associates, 450 So.2d 536 (Fla. 3d DCA), review dismissed, 458 So.2d 273, review denied, 458 So.2d 274 (Fla.1984). Goldman’s real estate broker testified that it was not possible for Goldman’s trustee to meet the time for acceptance specified in the contract. Goldman, therefore, was not lulled into failing to meet the time for acceptance specified in the contract, and Goldman cannot demonstrate he changed his position in reliance upon the oral agreement. We are, likewise, unpersuaded by Goldman’s other arguments on this issue.
With respect to the attorney’s fee issue, we hold the trial court erred in reserving jurisdiction to award attorney’s fees to Citicorp. The contract in this case contained a provision providing for recovery of attorney’s fees. This contract never came into existence, however, because of Goldman’s failure to accept timely. Therefore, no attorney’s fees may be awarded under such contract. See Gibson v. Courtois, 539 So.2d 459 (Fla.1989); Leitman v. *1126 Boone, 439 So.2d 318 (Fla. 3d DCA 1983). Further, Citicorp’s suggestion that it is entitled to an award of attorney’s fees under section 57.105, Florida Statutes (1987), is without merit.
Affirmed in part, reversed in part, and remanded.