NESBITT, Judge.
Appellant owns and operates a Key Largo hotel. Appellee is a Florida corporation selling “diving vacation packages.” Appellant claims that the two parties entered an oral agreement whereby appellee would sell customers vacation packages which included the price of the stay at appellant’s hotel. Appellee was then to remit hotel fees to appellant. Appellee remitted amounts due pursuant to the agreement from October 1, 1987 through August 31, 1988. Appellant alleges that from September 1, 1988 through January 10, 1989, ap-pellee collected $19,484.52 for hotel fees and never remitted the funds to appellant. Appellant sued for the net sum of $14,-734.52, this amount being the fees less an advertising setoff. Appellee filed a motion to dismiss, claiming the action was barred by the statute of frauds, section 725.01, Florida Statutes (1989). Following denial of that motion, several months later appel-lee filed a motion for judgment on the pleadings, again alleging that the oral agreement was unenforceable because of the statute of frauds. After hearing, ap-pellee’s motion was granted. We reverse.
When appellee filed its motion for judgment on the pleadings, Fla.R.Civ.P. 1.140(c), the reason advanced as the basis for the motion was that the action was barred by the statute of frauds in that it was based on an oral contract. A motion for judgment on the pleadings is appropriate where the complaint fails to state a cause of action against the defendant or where the answer fails to state a defense or tender issues of fact. In considering such motion, all well-pleaded material allegations of the opposing party are to be taken as true, and all allegations of the moving party which have been denied are taken as false. Venditti-Siravo v. City of Hollywood, 418 So.2d 1251, 1253 (Fla. 4th DCA 1982); see also Butts v. State Farm Mut. Auto. Ins. Co., 207 So.2d 73 (Fla. 3d DCA 1968); Wagner v. Wagner, 196 So.2d 453 (Fla. 4th DCA 1967); Davis v. Davis, 123 So.2d 377 (Fla. 1st DCA 1960). Applying this principle, we conclude that it was error to grant the motion and enter judgment.
Appellant’s amended complaint stated a cause of action. The allegations of appellee’s answer and the affirmative defense raised, for the purpose of the motion, were to be deemed false and ineffectual. See Venditti-Siravo, 418 So.2d at 1253. Furthermore, the defense was neither admitted nor established by appellant’s complaint.
Section 725.01, Florida Statutes, provides:
No action shall be brought whereby ... to charge any person ... upon any agreement that is not to be performed within the space of 1 year from the making thereof, ... unless the agreement or promise upon which such action shall be brought, or some note or memorandum thereof shall be in writing and signed by the party to be charged therewith or by some other person by him thereunto lawfully authorized.
*320 As stated in Yates v. Ball, 132 Fla. 132, 181 So. 341, 344 (1937), “to make a parol contract void, it must be apparent that it was the understanding of the parties that it was not to be performed within a year from the time it is made.” When no definite time is fixed by the parties for performance of their agreement, and there is nothing in its terms to show that it could not be performed within a year, according to its intent and the understanding of the parties, it should not be construed as being within the statute of frauds. Id. See Restatement (Second) of Contracts § 130, comment a (1981); see also Byam v. Klopcich, 454 So.2d 720 (Fla. 4th DCA 1984); Gulf Solar, Inc. v. Westfall, 447 So.2d 363 (Fla. 2d DCA 1984). In Byam, the fourth district found an oral employment contract which was of indefinite duration and which thus could possibly have been performed within one year was not within the statute of frauds. In Gulf Solar, also an oral contract for employment case, the second district observed that the evidence indicated that employee Westfall would be retained by employer Gulf Solar for as long as his performance merited his retention. The court then approved the trial court’s award of damages predicated upon breach of the oral contract.
Accordingly, finding that appellee’s affirmative defense was not established from the pleadings as a matter of law, we reverse the order under review and remand the cause for further proceedings.