PER CURIAM.
Stephanie L. Elliot appeals the dismissal with prejudice of her complaint against Carl H. Winslow, Jr., P.A., to recover unpaid wages. We reverse because, under our controlling precedent, the statute of frauds does not bar enforcement of an employment agreement for an indefinite period.
Elliot sued Winslow, a practicing attorney, alleging that he employed her to prepare personal injury lawsuit files for him. Elliot claimed that she left Winslow’s employ after a confrontation ensued over her salary and that, at the time of her disengagement, Winslow owed her $22,412 in salary and bonuses pursuant to their employment agreement. The trial court granted Winslow’s motion for judgment on the pleadings and dismissed the complaint based on the statute of frauds defense that Winslow raised in his answer.
The statute of frauds provides, in pertinent part, that “[n]o action shall be brought ... upon any agreement that is not to be performed within the space of 1 year ... unless the agreement ... or some note or memorandum thereof shall be in writing and signed by the party to be charged therewith.... ” § 725.01, Fla. Stat. (1997). In Gulf Solar, Inc. v. Westfall, 447 So.2d 363 (Fla. 2d DCA 1984), we addressed the application of this statute in a suit to recover wages due under an oral employment agreement. We held that the statute of frauds was not a bar to the suit, reasoning:
While the parties may have expected Westfall to remain with Gulf Solar for some unknown period of time, Gulf Solar had no obligation to retain Westfall’s services and Westfall had no obligation to remain in Gulf Solar’s employment for any definite time period. Apparently, Westfall would be retained by Gulf Solar for as long as his performance merited his retention in the view of Gulf Solar.
Id. at 365.
This reasoning was followed by the Fourth District in Byam v. Klopcich, 454 So.2d 720 (Fla. 4th DCA 1984), which also held that an employment contract for an indefinite period was not within the statute of frauds:
Such a contract is not within the Statute of Frauds because nothing indicates that the contract was other than a contract for an indefinite period. To construe the contract otherwise would be tantamount to permitting a person, in good faith reliance upon another’s promise to pay, to work for almost a full year without compensation for his labor.
*610 The general rule is that an oral contract for an indefinite time is not barred by the Statute of Frauds. Restatement (Second) of Contracts § 130, comment (a) (1981); Yates v. Ball, 132 Fla. 132, 181 So. 341 (1937). Only if a contract could not possibly be performed within one year would it fall within the statute. Yates; Gulf Solar.
Id. at 721; see also Hesston Corp. v. Roche, 599 So.2d 148, 152 (Fla. 5th DCA 1992) (“a promise to employ someone for five years, two years, or even thirteen months has to be in writing in order to be enforceable, but a promise to employ someone for their entire life does not” since time of death is uncertain).
Accordingly, we reverse the trial court’s order dismissing the complaint and remand for further proceedings.
Reversed and remanded.
PARKER, A.C.J., and FULMER and SALCINES, JJ., Concur.