RAMIREZ, C.J.
Denise Romano appeals the trial court’s order granting summary judgment. Mechaia Investments, LLC, cross-appeals the trial court’s denial of attorney’s fees and costs. Because we believe that genuine issues of material fact exist, the entry of the trial court’s order granting summary judgment in favor of Mechaia was *108 improper. We therefore reverse and remanded.
On April 5, 2006, Romano and Mechaia entered into a contract whereby Romano agreed to purchase a residence from Mechaia for $2,250,000. The contract terms required Romano to pay an initial deposit of $200,000, as well as an additional $250,000 at closing. The balance of $1,800,000 was to be financed by Romano. The contract further required that Romano apply for the financing within ten days of the April 5th effective date and that she provide Mechaia with a written Financing Commitment or Approval Letter within thirty days of the effective date. The contract provides that if Romano, “using diligence and good faith, [could not] provide the commitment within the commitment period, the contract [would] be terminated and buyer’s deposits refunded.”
As required by the contract, Romano contacted a loan consultant at a local bank and applied for the loan. On May 17, 2006, the last date of the commitment period, Romano received a one-page fax from the bank, which read: “[w]e are pleased to inform you that your application for a mortgage loan ... has been approved-Enclosed for your information is the commitment letter outlining the terms and conditions of your loan.” Based on this, Romano believed she was approved for the $1,800,000 loan. However, this was not the case. Had Romano received the second page of the fax, she would have discovered that she had only been approved for a $1,500,000 loan; leaving her $300,000 short of the contracted for amount. That day, Romano forwarded the fax to Mechaia and its agents. It was not until June 26, 2006, the day before the closing date, that Romano was informed that she had not been approved for the full amount.
Romano’s attorney contacted Mechaia’s counsel, informed them as to Romano’s inability to proceed to closing. Several extensions were made in an attempt to close on the property; these were all unsuccessful. Subsequently, on October 7, 2007, the escrow holder of the $200,000 deposit filed an interpleader complaint against Romano and Mechaia in order to determine who was entitled to the deposit. Mechaia and Romano answered and filed cross-complaints against each other, each claiming a right to the deposit. Mechaia moved for summary judgment, which the court granted. Romano then moved for clarification and rehearing, which the trial court summarily denied.
We review the trial court’s order granting summary judgment de novo and view the evidence in the light most favorable to the non-moving party. See Sierra v. Shevin, 767 So.2d 524 (Fla. 3d DCA 2000). In doing so, we conclude that there is a genuine issue of fact which precludes the entry of summary judgment.
Romano argues that the plain terms of the contract required her to satisfy a financing contingency which required that she: (1) apply for financing within ten (10) days of the effective date; (2) provide the seller with the a written financing commitment or approval letter with thirty (30) days of the effective date; (3) keep the seller and broker informed of the loan application status, progress, and commitment issues; and (4) authorize the lender and mortgage broker to disclose all information to the seller and the broker. The contract states that “[o]nce [the] buyer provides the commitment to the seller, the financing contingency is waived and [the] seller [is] entitled to retain the deposits if the transaction does not close by the closing date.... ” However, the contract language also allows the buyer to retain the deposits if the “buyer, using diligence and good faith, cannot provide the Commitment within the Commitment Period, the *109 Contract will be terminated and the buyer’s deposits refunded.”
There is no dispute that Romano failed to provide Mechaia with the commitment letter within the established commitment period. What Romano received from the bank and what she provided to Mech-aia was nothing more than a fax cover sheet. It lacked the necessary information one would expect in a commitment letter (e.g. loan amount, interest rate, and other terms). See Black's Law Dictionary 308-309 (9th ed. 2009). In fact, in its brief, Mechaia conceded that the document Romano provided was not a commitment letter, but rather it was an approval letter. This is a distinction without a difference. What the contract appears to require is written proof that the buyer has acquired the necessary financing. Whether it is called a commitment letter or an approval letter, the document should contain information that the seller can rely upon as proof that the buyer is taking the steps necessary to close on the property. What Romano provided did not contain such information. For these reasons, we cannot agree with Mechaia that Romano waived the financing contingency.
. Here, obtaining the financing commitment was a condition precedent to the sale of the property. Romano argues that her failure to obtain the commitment during the established commitment period terminates the contract. We agree. See Dennard v. Tri-Corp. Custom Homes, Inc., 583 So.2d 811 (Fla. 2d DCA 1991).
What remains for determination, however, is whether Romano exercised “diligence and good faith” to obtain a financial commitment as the contract required. If she did, the contract specifically stipulates that she should have the deposit returned to her. However, if she did not, Mechaia would be entitled to the funds. Whatever the case, summary judgment was not the proper vehicle to determine this question because “[t]he issue of whether a purchaser exercises due diligence and makes a good faith effort to secure the requisite financing is ordinarily a question of fact for the trier of fact.” Quirch v. Coro, 842 So.2d 184, 186 (Fla. 3d DCA 2003). Additionally, any claims of deception made by Mechaia would likewise not be appropriately disposed unless the moving party can show no genuine issue of material facts exists. See Payne v. Cudjoe Gardens Prop. Owners Ass’n, Inc., 837 So.2d 458 (Fla. 3d DCA 2002).
Because Romano neither waived the financing contingency nor satisfied its term within the commitment period, the contract terminated. What remains to be determined is whether Romano exercised diligence and good faith in trying to obtain financing. We therefore conclude that the trial court erred when it granted summary judgment in Mechaia’s favor.
Reversed and remanded.