FERNANDEZ, J.
This is an appeal from a final judgment on the pleadings entered in favor of the appellees Miguel Rosenfeld and Clarissa Rosenfeld, the sellers. We reverse and remand because there are factual questions that undermine the trial court’s conclusion that the sellers were entitled to judgment as a matter of law.
On August 22, 2008, Roberto Cuccarini and Miguel and Clarissa Rosenfeld executed a Residential Sale and Purchase Contract. The closing was to occur on or by March 1, 2009. The contract required that the buyer, Cuccarini, deposit $82,500 into an escrow account held by the broker, *329 Fortune International Realty, which the buyer did. Additionally, the contract contained the following financing contingency[1]:
Buyer will apply for new conventional ... financing ... at the prevailing interest rate and loan costs based on Buyer’s creditworthiness (the “Financing”) within 5 days from the Effective Date and provide Seller with either a written Financing commitment or approval letter (“Commitment”) or written notice that Buyer is unable to obtain a Commitment within 30 days from Effective Date ... (“Commitment Period”). Buyer will keep Seller and Broker fully informed about loan application status, progress, and commitment issues ... [I]f, after using diligence and good faith, Buyer is unable to provide the Commitment and provides Seller with written notice that Buyer is unable to obtain a Commitment within the Commitment Period either party may cancel this Contract and Buyer’s deposit will be refunded. Buyer’s failure to provide Seller with written notice that Buyer is unable to obtain a Commitment within the Commitment period will result in forfeiture of Buyer’s deposit(s). Once Buyer provides the Commitment to Seller, the financing contingency is waived and Seller will be entitled to retain the deposits if the transaction does not close by the Closing Date unless (1) the Property appraises below the purchase price and either the parties cannot agree on a new purchase price or Buyer elects not to proceed....
(emphasis added).
The buyer applied for the loan as required by the contract. On August 26, 2008, he provided the sellers with a letter from Wachovia, which indicated that “based on a review of the information [the buyer provided, including] a full credit report”, his loan application was approved.[2] The buyer did not receive any reply from the sellers to indicate that the letter did not satisfy the financing contingency.
In February 2009, the buyer’s attorney sent a letter to the sellers’ attorney conveying the buyer’s unwillingness to go forward with the sale. In the letter, the buyer informed the sellers that Wachovia had discontinued the loan program the buyer had qualified under and further, due to the “global credit crisis,” he was unable to “obtain a reasonable financing option.” Additionally, the buyer informed the sellers that the property had appraised below the purchase price and that he therefore sought the return of his deposit. The closing date passed, and the parties failed to close as scheduled.
In May 2009, the sellers brought suit against the buyer for breach of contract and named the broker as a nominal defendant. In the complaint, the sellers admitted that they received the Wachovia letter but denied that it was an approval letter. In turn, the buyer answered, asserting several affirmative defenses. The buyer also counterclaimed. The sellers filed a motion for judgment on the pleadings, which the trial court granted after a hearing. In the Final Judgment, the court made the following finding, “[t]he ‘approval letter’ from Wachovia does not represent an agreement to loan funds for the purchase and sale of this specific property, and as such, is not a ‘commitment.’” (emphasis added). The buyer filed a mo *330 tion for rehearing, which the court summarily denied.
A judgment on the pleadings is correct only where, based on the pleadings, the moving party is entitled to a judgment as a matter of law. See Britt v. State Farm Mut. Auto. Ins. Co., 935 So.2d 97, 98 (Fla. 2d DCA 2006). Consequently, in cases where factual questions remain unresolved, it is improper for a court to enter a judgment on the pleadings. See Tanglewood Mobile Sales, Inc. v. Hachem, 805 So.2d 54, 55 (Fla. 2d DCA 2001). Additionally, when considering a motion for judgment on the pleadings, the trial court must accept as true all well-pled material allegations of the opposing party. See Wilcox v. Lang Equities, Inc., 588 So.2d 318, 319 (Fla. 3d DCA 1991). The court must also construe as false all allegations of the moving party which are denied. Id. Failure to adhere to this standard results in reversible error.
We conclude that the sellers were not entitled to judgment on the pleadings. A review of the pleadings reveals a glaring question of fact: namely, whether the Wa-chovia letter satisfies the financing contingency requirements. Had the pleadings from both sides indicated that no letter was ever sent or that the Wachovia letter was not meant to be an approval letter, then there would be no factual dispute and the judgment would be correct as a matter of law. But those are not the facts in this case. Here, the sellers allege that the buyer’s letter was nothing more than a pre-approval letter, and therefore the buyer forfeited his deposit. The buyer, on the other hand, claims that the letter tendered to the sellers was an approval letter.
Furthermore, the Wachovia letter contained terms sufficient to find that the buyer had obtained financing. In Mechaia Investments, LLC v. Romano, 56 So.3d 107 (Fla. 3d DCA 2011), this Court dealt
with the issue as to whether a letter satisfied contractual financing contingencies. We stated:
There is no dispute that [Buyer] failed to provide [Seller] with the commitment letter within the established commitment period. What [Buyer] received from the bank and what she provided to [Seller] was nothing more than a fax cover sheet. It lacked the necessary information one would expect in a commitment letter (e.g. loan amount, interest rate, and other terms) ... In fact in its brief, [Seller] conceded that the document [Buyer] provided was not a commitment letter, but rather it was an approval letter. This is a distinction without a difference. What the contract appears to require is written proof that the buyer has acquired the necessary financing. Whether it is called a commitment letter or an approval letter, the document should contain information that the seller can rely upon as proof that the buyer is taking the steps necessary to close on the property.
Id. at 109 (emphasis added).
The holding in Mechaia casts doubt on the trial court’s determination that the Wachovia letter was not a commitment, let alone its conclusion that the letter’s deficiencies entitled the sellers to judgment as a matter of law. On its face, the Wachovia letter contains all the requirements mentioned by this Court in Mechaia as necessary information one would expect to find in an approval letter. First, it specifies the loan amount ($417,500). Next, it establishes a maximum interest rate of 6.75%. And lastly, it contains other information one would expect to see in an approval letter. It contains information on the loan program, the loan terms, and loan to value..
*331 In their brief, the sellers argue that the trial court did not err because it found as a matter of law that the Wachovia letter, by its express, clear and unambiguous terms, did not constitute an agreement to loan funds to the buyer to purchase the property. Thus, they argue, the letter did not satisfy the definition of the commitment as required by paragraph 3 of the contract. This argument is tenuous because the language that pertained to the commitment in paragraph 8 is ambiguous. All that is required with respect to the commitment is that the buyer “provide Seller with either a written financing commitment or approval letter.” (emphasis added). The contract, however, does not set forth what either a financing commitment or an approval letter should include.
The trial court, therefore, erred when it entered judgment on the pleadings in favor of the sellers because there is a question of fact as to whether the Wachovia letter satisfied the commitment requirement under the contract. Accordingly, we reverse and remand.
Reversed and remanded.

. The contract price for the property was $835,000, and the buyer was to finance 50% of the remaining balance, which amounts to $417,500.

. The letter indicated that buyer was approved for a 30-year fixed loan at a maximum interest rate of 6.750%.