ROTHENBERG, J.
The issue we must resolve in-this appeal is whether full performance of an alleged oral employment agreement, which was incapable of performance within one year, is barred by the statute of frauds. Because we conclude that it is barred, we affirm the trial court’s order granting summary judgment and entering final judgment in favor of Kalex Construction and Development, Inc. (“Kalex”).
The salient facts are as follows. Rosa LaRue (“LaRue”) sued Kalex for breach of contract and for an accounting. It is uncontested that LaRue agreed in November 2005 to leave her employer, Florida Power & Light, where she was earning $103,000 annually, and to accept a position with Kalex as a vice-president with a starting annual salary of $140,000 plus substantial benefits, including a company truck, cell *253 phone, and laptop; health insurance; and paid vacations. What is disputed is whether LaRue, as she contends, was also orally promised that after three years of employment with Kalex, she would receive a 25% ownership interest in the company. LaRue commenced working at Kalex in February of 2006 and she was terminated in December of 2009. During her employment with Kalex, her annual salary increased from $140,000 to $180,000.
Section 725.01, Florida Statutes (2010) (“the statute of frauds”), provides in pertinent part:
No action shall be brought ... upon any agreement that is not to be performed within the space of 1 year from the making thereof ... unless the agreement or promise upon which such action shall be brought, or some note or memorandum thereof shall be in writing and signed by the party to be charged therewith or by some other person by her or him thereunto lawfully authorized.
The statute of frauds was enacted to prevent fraud and the enforcement of claims based on loose verbal statements made faulty by the lapse of time, and as the Florida Supreme Court stated in Yates v. Ball, 132 Fla. 132, 181 So. 341, 344 (1937), the statute should be strictly construed.
The statute of frauds grew out of a purpose to intercept the frequency and success of actions based on nothing more than loose verbal statements or mere innuendos. To accomplish this, the statute requires that all actions based on agreements for longer than one year must depend on a written statement or memorandum, signed by the party to be charged. The statute should be strictly construed to prevent the fraud it was designed to correct, and so long as it can be made to effectuate this purpose, courts should be reluctant to take cases from its protection.
Over time, questions arose as to whether the doctrine of promissory estoppel should apply and the effect of partial and full performance of an oral contract. In Tanenbaum v. Biscayne Osteopathic Hospital, Inc., 190 So.2d 777, 779 (Fla.1966), the Florida Supreme Court rejected the application of promissory estoppel as a defense, agreeing with this Court’s recognition that to do so would “ingraft[ ] onto the law of this State a provision which may have the effect of nullifying the legislative will of the State as expressed by the inactment [sic] of the Statute of Frauds.” Tanenbaum 190 So.2d at 778 (quoting Tanenbaum v. Biscayne Osteopathic Hosp., Inc., 173 So.2d 492, 495 (Fla. 3d DCA 1965)).
Where the contract is for the sale of land and the relief sought is for specific performance or other equitable relief, partial performance may remove an oral agreement from the statute of frauds. However, the doctrine of partial performance does not remove the bar of the statute of frauds for actions seeking damages based on the breach of an oral contract. See Hosp. Corp. of Am. v. Assocs. in Adolescent Psychiatry, 605 So.2d 556, 558 (Fla. 4th DCA 1992) (noting the distinction that where the contract is for the sale of land and the relief sought is for specific performance, partial performance may remove the contract from the statute of frauds); see also Collier v. Brooks, 632 So.2d 149, 153 (Fla. 1st DCA 1994) (holding that “the doctrine of partial performance is not available in an action solely for damages at law”); Miller Constr. Co. v. First Indus. Tech. Corp., 576 So.2d 748, 750 (Fla. 3d DCA 1991) (holding that the doctrine of partial performance does not apply to personal service contracts); Johnson v. Edwards, 569 So.2d 928, 929 (Fla.
*254 1st DCA 1990) (“It is now well established that partial performance of a contract for personal services is not an exception to the provisions of the Statute of Frauds.” (citing Tobin & Tobin Ins. Agency, Inc. v. Zeskind, 315 So.2d 518 (Fla. 3d DCA 1975); Rowland v. Ewell, 174 So.2d 78 (Fla. 2d DCA 1965))).
Full performance of an oral agreement, however, may remove the agreement from the statute of frauds if the agreement is capable of being performed within a year and was, in fact, performed within one year. For example, in Dobbs v. Gorlitz, 443 So.2d 1068,1068 (Fla. 3d DCA 1984), this Court reversed the trial court’s order granting summary judgment in favor of Gorlitz, Dobbs’ employer, after this Court concluded that there were material disputed issues as to whether the alleged oral employment agreement could have been performed within one year.
Where uncontroverted affidavits and deposition testimony submitted in support of a summary judgment motion showed that the defendant, a business owner, had in 1981 renewed an earlier oral promise to plaintiff, his employee, to give plaintiff ownership in the business upon defendant’s retirement in exchange for the plaintiff remaining in his employ, and that within the year defendant retired from the business and sold all his stock in the business to a third party, defendant had not demonstrated conclusively that plaintiff’s cause of action for breach of contract was barred by the statute of frauds. Summary judgment was, therefore, inappropriate. There was nothing in the terms of the oral agreement to show that it could not be performed within a year. Further, the fact that the defendant did sell his business interest within a year of the agreement is a strong factor weighing against construction of the agreement as one within the statute of frauds.
See also Grossman v. Levy’s, 81 So.2d 752, 753 (Fla.1955) (holding that an oral renewal of an oral one-year employment agreement, which commenced on the day the renewal was made, was not within the statute of frauds); Rubenstein v. Primedica Healthcare, Inc., 755 So.2d 746, 749 (Fla. 4th DCA 2000) (finding that appellant sufficiently stated a cause of action for breach of an oral agreement as the oral renewal of a one-year oral contract took the contract out of the statute of frauds); Sanz v. R.T. Aerospace Corp., 650 So.2d 1057,1060 (Fla. 3d DCA 1995) (“Under the statute of frauds, any agreement that is not to be performed within the space of one year from its making must be reduced to writing in order to be enforceable.”); First Realty Inv. Corp. v. Gallaher, 345 So.2d 1088,1089 (Fla. 3d DCA 1977) (holding that “in order to avoid the statute of frauds, the agreement must have been capable of performance within one year of its ‘making’ ”); Dworkin v. Alamo Auto Leasing, Inc., 334 So.2d 77, 78 (Fla. 3d DCA 1976) (noting that where Dworkin admitted in his deposition that he entered into an oral agreement for a period in excess of one year, his claim under an oral employment agreement was barred by the statute of frauds); Davis v. Ferraro, 303 So.2d 407, 408 (Fla. 3d DCA 1974) (concluding that because the alleged oral employment agreement provided that Ferraro was not to receive the promised interest in the employer’s business until after two years after his arrival in Florida, his action was barred by the statute of frauds); Manas v. S. Diversified Indus., Inc., 193 So.2d 480, 481 (Fla. 3d DCA 1967) (holding that even though the employee fully performed the services, because the alleged oral agreement to pay the employee a bonus was for services to be performed *255 over a three-year period, the agreement fell within the statute of frauds).
The intent of the parties is a determinative factor. In Yates, the Florida Supreme Court noted that “to make a parol contract void, it must be apparent that it was the understanding of the parties that it was not to be performed within a year from the time it was made.” Yates, 181 So. at 341 (emphasis added). Thus, when an oral contract is for an indefinite period, the court must determine whether it was the intent of the parties that the contract be fully performed within one year.
[W]hen no time is agreed on for the complete performance of the contract, if from the object to be accomplished by it and the surrounding circumstances, it clearly appears that the parties intended that it should extend for a longer period than a year, it is within the statute of frauds, though it cannot be said that there is any impossibility preventing its performance within a year.
Id. at 344. Therefore, when an agreement is “susceptible of performance within a year, and the evidence shows that it was expected to have been performed within that time,” it is not barred by the statute of frauds. Id. at 344.
The following are examples of the application of this principle. In Hospital Corp. of America, 605 So.2d at 557-58, the Fourth District rejected the appellee’s argument that because the contract was capable of being performed within one year, it fell outside of the statute of frauds, as it was clear that the parties intended that the contract extend past one year. In reaching this conclusion, the Fourth District adopted the reasoning of All Brand Importers, Inc. v. Tampa Crown Distributors, Inc., 864 F.2d 748, 749 (11th Cir. 1989), which held that “the Florida Statute of Frauds, Fla. Stat. § 725.01, bars en-
forcement of an oral contract that was intended by the parties to last longer than a year, even though the contract could have been terminated for cause within a year.” Similarly, the Fourth District found in Byam v. Klopcich, 454 So.2d 720, 721 (Fla. 4th DCA 1984), that the oral employment agreement, which was of indefinite duration and therefore capable of performance within one year, was not within the statute of frauds.
Likewise, in Cabanas v. Womack & Bass, 706 So.2d 68, 69 (Fla. 3d DCA 1998), this Court found that the statute of frauds did not bar Cabanas’ breach of contract claim where the oral employment contract was for an indefinite time, terminable at will by either party, and it had been fully performed by Cabanas. Because Cabanas was hired for work that did not require his performance for a period of time exceeding one year, the oral employment agreement did not fall under the statute of frauds. See also Martinez v. Lieberman, 920 So.2d 128, 129 (Fla. 3d DCA 2006) (finding that at best, the agreement was an oral contract for an indefinite time, and therefore it was not barred by the statute of frauds); Richey v. Modular Designs, Inc., 879 2d 665, 666 (Fla. 1st DCA 2004) (concluding that the statute of frauds did not bar recovery because a salaried employee’s employment contract was terminable at will, with an indefinite duration; his claim was for commissions earned for past services; and there was no evidence the parties intended the contract to extend beyond a year); Collier, 632 So.2d at 158 (reversing summary judgment and remanding for a determination as to whether it was the intention of the parties that Collier fully perform his part of the agreement within one year and if so, whether he did fully perform within a year, and holding that, absent such a showing, the agreement would be barred by the statute of frauds); *256 Elliot v. Carl H. Winslow, Jr., P.A., 737 So.2d 609, 609 (Fla. 2d DCA 1999) (“[U]n-der our controlling precedent, the statute of frauds does not bar enforcement of an employment agreement for an indefinite period.”); AV-MED, Inc. v. French, 458 So.2d 67, 68-69 (Fla. 3d DCA 1984) (holding that an employment agreement for a specific salary plus commissions for an indefinite period of time, which was fully performed, removed the agreement from the statute of frauds).
In applying these principles to the instant case, it is clear that the trial court correctly determined that LaRue’s claims were barred by the statute of frauds. It is undisputed that LaRue’s complaint was based on an alleged oral employment agreement, and the agreement and the intent of the parties was that LaRue would receive a 25% ownership interest in the company if she worked for the company for three years. Because the alleged agreement was incapable of being performed in one year, her claim is barred by the statute of frauds.
In Collier, the First District noted that although there appears to be a trend towards eviscerating the statute of frauds, 632 So.2d at 157, “great caution should be exercised ‘in the consideration of the advisability of ingrafting onto the law of this State a provision which may have the effect of nullifying the legislative will of the State as expressed by the inactment [sic] of the Statute of Frauds.’” Collier, 632 So.2d at 157 (citing Tanenbaum v. Biscayne Osteopathic Hospital, Inc., 190 So.2d at 778). We also agree with the First District that the refusal to enforce promises that are not to be performed within one year,
is based upon public welfare and policy ... [and] [i]f Florida is to move toward enforcing oral promises intended to be performed beyond one year, or towards compensating those who enter into such agreement, it is the proper function of the Florida Legislature to announce that public policy change, not the function of a district court of appeal. While the Florida Supreme Court has occasionally chosen to depart from its own precedent on public policy grounds, we note that it frowns on such departures by lower courts.
Collier, 632 So.2d at 157. As the Florida Supreme Court noted in Tanenbaum v. Biscayne Osteopathic Hospital, Inc., 190 So.2d at 779, “[LaRue] had but to follow the provisions of the Statute of Frauds to secure [her] rights under the arrangement with [Kalex] instead of taking the position, rather tardily that they did not apply to [her].” Accordingly, we affirm the order on appeal.
Affirmed.