# Third District Court of Appeal

## State of Florida

Opinion filed August 24, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-928
Lower Tribunal No. 19-2611

_____

**Neiman Nix and DNA Sports Performance Lab, Inc.,**
Appellants,

vs.

**The Office of the Commissioner of Baseball d/b/a Major League Baseball, Neil Boland, and Ricardo Burnham,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Lourdes Simon, Judge.

Zumpano Castro, PLLC, and Antonio C. Castro and Ricardo A. Arce, for appellants.

Kobre & Kim LLP, and Adriana Riviere-Badell, for appellees.

Before FERNANDEZ, C.J., and LOGUE and GORDO, JJ.

LOGUE, J.

We are compelled to reverse the trial court's order granting Appellee's motion for judgment on the pleadings. A judgment on the pleadings is

permitted "only where, based on the pleadings, the moving party is entitled to a judgment as a matter of law." Cuccarini v. Rosenfeld, 76 So. 3d 328, 330 (Fla. 3d DCA 2011). "Additionally, when considering a motion for judgment on the pleadings, the trial court must accept as true all well-pled material allegations of the opposing party." Id. (citing Wilcox v. Lang Equities, Inc., 588 So. 2d 318, 319 (Fla. 3d DCA 1991)).

The Appellee, the Defendant below, sought to establish that Appellant's Complaint was filed outside the statute of limitations because Appellant knew or should have known of his potential cause of action more than four years before the Complaint was filed. To establish this notice, Appellee relied upon statements in documents attached to the Answer that Appellee alleged were copies of complaints that Appellant had previously filed in other cases in 2014 and 2016. However, because Appellant was not required to file a responsive pleading to the Answer, and Appellant did not file a response pleading, the allegations in the Answer regarding the character of the documents are deemed denied. See Fla. R. Civ. P. 1.110 (e) (2022) ("Averments in a pleading to which no responsive pleading is required or permitted shall be taken as denied or avoided."); Urribari v. 52 SW 5th CT WHSE, LLC, 266 So. 3d 1257, 1263 (Fla. 4th DCA 2019) ("In considering [a motion for judgment on the pleadings], all material allegations

of the opposing party's pleading are taken as true, and all of the movant's allegations which have been denied are taken as false. Since the answer requires no responsive pleading, all allegations contained therein are deemed denied.").

Because the authenticity of the complaints in the other cases attached to the Answer was deemed denied, the contents of those complaints could not properly form the basis for a judgment on the pleadings.

Reversed and remanded.

3