# Third District Court of Appeal
## State of Florida

Opinion filed February 7, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-776
Lower Tribunal No. 16-31-M
_____

**Robert Mowder, Jr., et al.,**
Appellants,

vs.

**Jeremy Smith,**
Appellee.

An appeal from the Circuit Court for Monroe County, Mark H. Jones, Judge.

Gulisano Law, PLLC, and Michael Gulisano (Boca Raton), for appellants.

Brown Robert, LLP, Connis O. Brown, III, and Seth P. Robert, and Samantha Espada (Fort Lauderdale), for appellee.

Before MILLER, GORDO, and BOKOR, JJ.

MILLER, J.

Appellants, Robert Mowder, Jr. and Mowder Real Estate Holdings, Inc. ("MREH"), challenge a final judgment divesting them of any ownership interest in certain real property located in Monroe County, Florida, and requiring the conveyance of the same to appellee, Jeremy Smith. The primary issue on appeal is whether the trial court erred in enforcing an oral agreement to transfer real property on promissory estoppel grounds. Reiterating the longstanding principle that the doctrine of part performance operates as an exception to the proscriptions imposed by the statute of frauds, we affirm the final judgment under review.

## BACKGROUND

This dispute revolves around a waterfront duplex known as "Yellowtail." The facts underlying this appeal are inextricably intertwined with separate transactions involving the Blue Marlin, a motel located in Marathon, Florida. The lower tribunal found in favor of Mowder on the motel-related claims, and Smith did not file a cross-appeal.

After the parties met through a mutual friend, Smith expressed an interest in entering the commercial fishing industry. Mowder offered him accommodations at Yellowtail. The property was encumbered by a considerable mortgage, and the parties initially discussed pooling funds to satisfy the outstanding balance.

2

Mowder soon grew weary of the Florida Keys, however, due to a failed romantic relationship and began spending substantial time abroad. He did not produce any funds and instead told Smith he would convey the property to him if Smith unilaterally satisfied the mortgage. Mowder provided Smith with the pay-off information, and Smith satisfied the mortgage. Smith remained in possession of the property and paid all utilities and property taxes. He also undertook substantial improvements.

Mowder never quitclaimed the property and, instead, years later, sought to evict Smith from Yellowtail. Smith filed suit in the circuit court. Included in the operative, multi-count complaint was a claim for promissory estoppel seeking specific performance. Citing the statute of frauds, Mowder moved to dismiss. The trial court denied the motion, and Mowder raised the same defense in his answer.

The case proceeded to a nonjury trial, at the conclusion of which the trial court found that Smith satisfied the mortgage in reliance upon the oral agreement the property would be conveyed after payment was rendered. By way of the final judgment, the court granted specific performance. The instant appeal ensued.

## STANDARD OF REVIEW

3

"Whether [an] oral agreement . . . is unenforceable under the statute of frauds is a pure question of law" subject to de novo review. DK Arena, Inc. v. EB Acquisitions I, LLC, 112 So. 3d 85, 91 (Fla. 2013). "A trial court's decision to grant specific performance," however, "is reviewed under an abuse of discretion standard." All Seasons Condo. Ass'n, Inc. v. Patrician Hotel, LLC, 274 So. 3d 438, 445 (Fla. 3d DCA 2019).

**ANALYSIS**

Tracing its origins to the common law, "[t]he statute of frauds grew out of a purpose to intercept the frequency and success of actions based on nothing more than loose verbal statements or mere innuendos." Yates v. Ball, 181 So. 341, 344 (Fla. 1937), receded from on other grounds by Browning v. Poirier, 165 So. 3d 663 (Fla. 2015). To accomplish this objective, section 725.01, Florida Statutes (2023), provides, in relevant part:

> No action shall be brought . . . to charge any person . . . upon any contract for the sale of lands, . . . unless the agreement or promise upon which such action shall be brought, or some note or memorandum thereof shall be in writing and signed by the party to be charged therewith or by some other person by her or him thereunto lawfully authorized.

See also § 689.01, Fla. Stat. ("No estate or interest of freehold, or for a term of more than 1 year . . . of any . . . lands . . . shall be . . . transferred . . . in any manner other than by instrument in writing, signed in the presence of two subscribing witnesses by the party . . . transferring . . . such estate,

4

interest, or term of more than 1 year . . . ."). After the legislature codified this provision, the Florida Supreme Court considered, in <u>Tanenbaum v. Biscayne Osteopathic Hosp., Inc</u>, 190 So. 2d 777 (Fla. 1966), whether to "adopt by judicial action the doctrine of promissory estoppel as a sort of counteraction to the legislatively created Statute of Frauds." <u>Id.</u> at 779. The court declined to do so, recognizing "the legislative prerogative of dealing with matters of this nature." <u>Id.</u>

Nonetheless, a myriad of reported cases recognize that the doctrine of part performance removes a contract from the statute of frauds. <u>See e.g.</u>, <u>LaRue v. Kalex Constr. & Dev., Inc.</u>, 97 So. 3d 251, 253 (Fla 3d DCA 2012) ("Where the contract is for the sale of land and the relief sought is for specific performance or other equitable relief, partial performance may remove an oral agreement from the statute of frauds."); <u>Xanadu of Cocoa Beach, Inc. v. Zetley</u>, 822 F.2d 982, 985 (11th Cir. 1987) (explaining parties are "entitled to avail [themselves] of the doctrine of part performance . . . [to] prevent[] the party who denies the contract's existence from asserting the statute of frauds"). Of course, this line of authority is not without limits. In cases involving oral agreements to convey real property, delivery of possession is required in order to prove part performance. <u>See</u> <u>Goldman v. Citicorp Sav. of Fla.</u>, 552 So. 2d 1124, 1125 (Fla. 3d DCA 1989) ("In an action for specific

5

performance where the doctrine of 'part performance' is raised; one indispens[a]ble element of the doctrine is possession of the property by the party seeking the specific performance.")

Applying these principles, appellate courts have found that where there is proof of an oral contract for conveyance, payment of consideration, possession, and improvements made to the property, the contract is removed from the statute of frauds and specific performance may be justified. Miller v. Murray, 68 So. 2d 594, 596 (Fla. 1953) ("In addition to establishing the fact that an oral contract for sale was made, proof must be submitted as to the following: payment of all or part of the consideration, whether it be in money or in services; possession by the alleged vendee; and the making by the vendee of valuable and permanent improvements upon the land . . . ."); see also Futch v. Head, 511 So. 2d 314, 319 (Fla. 1st DCA 1987); W.B.D., Inc. v. Howard Johnson Co., 382 So. 2d 1323, 1327 (Fla. 1st DCA 1980); Moraitis v. Galluzzo, 487 So. 2d 1151, 1152 (Fla. 4th DCA 1986); Eclipse Med., Inc. v. Am. Hydro-Surgical Instruments, Inc., 262 F.Supp. 2d 1334, 1346 (S.D. Fla. 1999), aff'd sub nom. Eclipse Med., Inc. v. Am. Hydro-Surgical, 235 F.3d 1344, 1344 (11th Cir. 2000); Ala v. Chesser, 5 So. 3d 715, 719 (Fla. 1st DCA 2009); 27 Fla. Jur. 2d Frauds, Statute of § 20 (2023).

Against this legal landscape, we examine the instant case. Here, although the parties sharply disputed the chronology of events, the court found that Mowder orally agreed to convey Yellowtail to Smith upon satisfaction of the mortgage. Mowder provided Smith with the payoff information, and Smith rendered payment. Critically, Smith continuously remained in possession of Yellowtail. He also paid taxes when due, made improvements to the property, and tendered additional consideration in the form of investment in the Blue Marine motel. These factors are sufficient to sustain the findings that part performance removed the oral agreement from the statute of frauds and specific performance was warranted.

Further, while we may have arrived at a different conclusion in the first instance, it is not our role to reweigh the evidence. Instead, it is our duty to affirm those factual findings that are supported by competent, substantial evidence. See Citibank, N.A. v. Olsak, 208 So. 3d 227, 229 (Fla. 3d DCA 2016); see also Whitby v. Infinity Radio, Inc., 961 So. 2d 349, 354 (Fla. 4th DCA 2007) ("An appellate court will not disturb a trial court's factual findings when supported by competent substantial evidence."); Markham v. Fogg, 458 So. 2d 1122, 1126 (Fla. 1984) (holding appellate court "should not substitute its judgment for that of the trier of fact" as long as there is "competent, substantial evidence"); Dreyfuss v. Dreyfuss, 701 So. 2d 437,

440 (Fla. 3d DCA 1997) (reiterating "appellate court has duty to affirm trial court findings supported by competent, substantial evidence"); <u>Zerquera v. Centennial Homeowners' Ass'n, Inc.</u>, 721 So. 2d 751, 752 (Fla. 3d DCA 1998) (explaining in bench trial, judge's findings of fact will not be disturbed unless totally unsupported by competent, substantial evidence). Here, ample testimony of record supports the findings accompanying the final judgment, and it is scarcely debatable that, given the divergent rulings on the competing claims, the trial court considered the holistic equities in arriving at the decision below. Accordingly, we affirm in all respects.

Affirmed.