14666

McGEHEE v. SOUTH CAROLINA POWER CO.

(196 S. E., 538)

*Messrs. J. C. Long* and *M. L. McCrae,* for appellant,

*Mr. G. L. B. Rivers,* for respondent,

April 12, 1938.

The opinion of the Court was delivered by Mr. Chief Justice Stabler.

It is sought in this action to recover damages in the sum of $10,000.00 for a claimed fraudulent breach of an oral contract. The plaintiff alleges that during the month of November, 1929, while in the discharge of his duties as an employee of the defendant, he was seriously injured by an explosion due to defective equipment furnished him by his employer; that soon thereafter an agent of the defendant called upon him and agreed that, if he would not sue for the injuries which he had sustained in the explosion, the company would pay him the sum of $50.00 in cash for the damage that had been done his clothing, and "would give him a continuous and steady job as long as he performed his work properly," and that, relying upon such representations and promises, he accepted the $50.00 and executed a release; that on April 30, 1931, the plaintiff "was discharged or laid off by the said defendant company without any just cause, reason or excuse, as far as his work was concerned." The defendant denied having entered into any such agreement, pleaded a general release executed by McGehee "for the sole consideration" of $113.75, and set up the defense of the statute of frauds.

The plaintiff, on trial of the case, offered testimony tending to establish the allegations of his complaint. He stated that the defendant's representative, one Hastings, after assuring him that the company would pay for the damage done to his clothing, said: "I tell you what you do, Mack, if you don't sue us and give us a release I will promise you you will have a job the rest of your life as long as the power company has a job as long as you do your work properly"; that his employment was to be perpetual, the agent assuring him "of a permanent job"; and that, relying upon such promise, the witness signed the release and was paid the sum of $50.00.

Mrs. McGehee stated that she was present when the conversation between her husband and the company's agent took place, and that "Mr. Hastings told my husband if he would not enter suit against the company he would receive $50.00

for his clothing and always have a lifetime job as long as the company had one if he proved himself satisfactory in every respect."

When the plaintiff rested his case, the defendant moved for a nonsuit on the ground that the only inference to be drawn from the testimony was that the contract sued on "is a permanent lifetime job, which is a contract within the contemplation of the parties not to be performed within the space of a year," and, therefore, is within the statute of frauds. Judge Dennis granted the motion, and the only question raised by the exceptions is whether he committed error in doing so.

The pertinent portion of Section 7044 of the Code of 1932, commonly known as the statute of frauds, is as follows: "No action shall be brought * * * to charge any person * * * upon any agreement that is not to be performed within the space of one year from the making thereof; unless the agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or some person thereunto by him lawfully authorized."

In determining when contracts come within the above-quoted provision of the statute, the Courts have been governed by the words "not to be performed," treating them as negative words. It is therefore generally held that "to bring a particular contract within the statute there must be a negation of the right to perform it within a year." 27 C. J., 174.

In *Thompson v. Gordon,* 3 Strob., 196, the Court said: "The statute of frauds, when it enacts that 'any agreement that is not to be performed within the space of one year, from the making thereof,' shall be in writing, means an agreement not to be performed in the space of a year, and expressly so stipulated. A contingency is not within the statute—it must appear, within the agreement, that it is not to be performed till after the year, to make a note in writing necessary." And in *Gadsden v. Lance,* McMul. Eq., 87, 37

Am. Dec., 548, the syllabus correctly states the holding of the Court as follows: "It is well settled, that when the agreement is to be performed on a contingency, which may or may not happen within the year, a note in writing is not necessary, unless it appear from the agreement, that it was to be performed after the year." But see *Walker v. Railway Co.*, 26 S. C., 80, 1 S. E., 366, 371, where it was pointed out that the case of *Jones v. McMichael*, 12 Rich., 176, "may be regarded as relaxing so much of the rule as requires that it shall expressly appear in the agreement itself that the parties contemplated a contract which was not to be performed within a year, but that such a purpose may be inferred from other circumstances."

With regard to a contingency stated in a contract upon which the time of the contract's duration depends, it is generally held that, where an oral agreement of employment in terms provides for its continuance during the lifetime of the employee, the contract is not within the statute.

In 25 R. C. L., 478, the rule is thus stated: "The general view taken in this country is that a contract for personal services for an indefinite time, the length of which is dependent on some contingency, as in case of contracts to employ one for the duration of his life, is not within the statute, as the death of the person by whom the services are to be rendered will operate as a full performance of the contract. This is held true as to a contract to give one 'permanent' employment or the like, so long as the employee should properly do the work assigned him, during the continuance of the employer's business." And in 27 C. J., 188: "Where an oral contract of employment in terms provides for its continuance during the lifetime of the employee or for its termination at his death, the contract is not within the statute. The contingency of the death of the employee within a year renders the statute inapplicable to a contract for personal services which fixes no definite time for performance, or

which is terminable on the happening of certain specified contingencies."

In *Cline v. Southern Railway Co.,* 110 S. C., 534, 96 S. E., 532, 538, relied on by the appellant in the case at bar, the contract pleaded was that the defendant "agreed and promised to give to the plaintiff a position of foreman, or some similar position, for an indefinite period so long as plaintiff's work was satisfactory." The defendant demurred to the complaint on the ground that the alleged agreement was obnoxious to the statute of frauds. The demurrer was overruled, and this Court, in sustaining the Circuit Judge, had this to say: "The word of doubtful import in the contract, when it comes to an application of the statute, is 'indefinite.' That word does not mean perpetual employment, but uncertain employment as to time. That is made doubly plain by the words which follow 'indefinite,' to wit, 'so long as the plaintiff's work was satisfactory.' Plainly then the contract has not certainly put the performance of it beyond a year after its making. The case does not come within *Jones v. Mc-Michael,* 12 Rich., 176, cited by the appellant, as that case is construed in *Walker v. R. R. Co.,* 26 S. C., 80, 89, 1 S. E., 366. There are no circumstances pleaded in the instant case to show that the contractors certainly intended the contract to be performed after the lapse of 12 months from its making. The period of its performance was left uncertain. 'In order to make a parol contract void it must be apparent that it was the understanding of the parties that it was not to be performed within a year from the time it was made.' Miller, J., in *McPherson v. Cox,* 96 U. S., 404, 416, 24 L. Ed., 746. The contract pleaded does not fall within the statute."

Counsel for respondent argues, however, that the *Cline case* is not controlling here, for the reason that the Court there dealt, as is seen, with a contract of employment for an "indefinite period"; but that *Marshall v. Charleston & W. C. Ry. Co.,* 164 S. C., 283, 162 S. E., 348, 352, decided thirteen years later, in view of McGehee's testimony in the case at bar, that he was assured by the defendant of a "permanent"

job, is conclusive of the question here raised, as the *Marshall case* "disposes of the distinction between indefinite and permanent by saying that permanent employment does come within the statute."

The question of permanent employment was really raised in *Stuart v. Railway Company*, heard and reported with the *Marshall case*. the appeals being disposed of in one opinion. The Court said: "The plaintiff Stuart raises an additional exception in which he contends that on account of a certain injury which he suffered in the employ of defendant in 1925 he released the railroad from liability for this personal injury, and he was in turn to be kept in the employ of the railroad permanently as one of the considerations of said release. Nowhere in the record does a copy of the release appear, and the testimony of Stuart is indefinite as to the terms and conditions under which said release was signed. There is not sufficient testimony to warrant the basing of Stuart's cause of action upon this alleged release. It was a contract for employment extending beyond a year and, therefore, came within the Statute of Frauds (Civ. Code 1922, § 5516), and some memorandum in writing, signed by the party to be charged, should have been introduced in evidence to substantiate such claim. The defendant pleaded the Statute of Frauds, and it was incumbent upon the plaintiff to show that such memorandum did exist upon which to base his claim."

It is generally held that a contract for permanent employment is not within the statute of frauds, for the reason that such a contract is deemed possible of performance within one year from its making. See cases cited in 35 A. L. R., 1440. Also, 25 R. C. L., 479.

In the case relied on by the respondent here, it will be noted that the contention was made by Stuart, as stated in one of his exceptions, that he was "to be kept in the employ of the railroad permanently as one of the considerations of said release." The Court states that a copy of the release was not in the record, and that the testimony was indefinite as to

the terms and conditions under which it was signed, and was insufficient to warrant the basing of Stuart's cause of action upon it. It was then merely held, without discussion, that the contract was one for employment extending beyond a year and was, therefore, within the statute of frauds.

The case before us is entirely different. Here Mc-Gehee and his wife both testified to the terms of the alleged oral agreement between the parties, to wit, that the plaintiff was to have a job with the defendant for the rest of his life, as long as the power company was in business and the employee did his work in a satisfactory manner. It is true that the plaintiff stated, in answer to a question asked by counsel, that the defendant's agent had assured him of a "permanent job," but this was, we think, merely his understanding of the meaning of the contract, the provisions of which he had just testified to. We are of opinion, therefore, that the oral contract claimed by the appellant to have been made, if any such contract were made, was nothing more or less than an agreement to employ the plaintiff for the rest of his natural life as long as he did his work in a satisfactory manner. Clearly, under all of the authorities, this was a contract of employment for an indefinite period, possible of performance within one year from its making, and was not, therefore, within the statute. As the facts disclosed by the testimony in the case at bar clearly differentiate it from the *Marshall case,* the latter decision is not controlling here, which makes further consideration of it unnecessary.

The order appealed from is reversed and the case remanded for a new trial.

Messrs. Justices Bonham and Fishburne concur.

Mr. Justice Baker dissents.

Mr. Justice Carter did not participate on account of illness.