## 16500

ELKINS *ET AL.* v. PLYWOODS-PLASTICS CORP.
(65 S. E. (2d) 243)

*Messrs. Warren & Warren,* of Hampton, and *J. M. Moorer,* of Walterboro, *for Appellant,*

*Messrs. Smoak & Smoak,* of Walterboro, *for Respondents,*

May 11, 1951.

BAKER, Chief Justice.

The allegations of the complaint upon which this appeal hinges are contained in paragraphs 3 and 4 thereof, and read:

"3. That on the 27th day of May, 1947, the plaintiffs and the defendant, made and entered into a verbal contract in the office of the defendant at Hampton, South Carolina, after office hours, and the defendant then agreed to have the said verbal contract reduced to writing and forward the same to the plaintiffs for execution, and that by the terms of the said contract the defendant was to furnish logs on the log beds and mill yards of the plaintiffs and the plaintiffs were to saw said logs into lumber and that the defendant would pay to the plaintiffs Fifteen and no/100 ($15.00) Dollars, per thousand feet, board measure, for all lumber sawed and stacked on the mill yards of the paintiffs.

"4. That the contract so made and entered into by the plaintiffs and the defendant further provided; that the defendant would furnish to the plaintiffs two (2) sawmills, which were to be erected at such places on the tract of timber of the defendant, near Cottageville, in Colleton County, South Carolina, as was most convenient to the plaintiffs and the defendant, that the contract further provided that it would be enforced for a term of three (3) years and/or for so long a period as would be necessary to cut and/or saw the said tract of timber, which said tract of timber was estimated to cut between Six Million (6,000,000) and Seven Million (7,000,000) feet of lumber, board measure."

The appellant duly answered, reserving its rights to have heard and determined, without prejudice, its demurrer to the complaint "upon the ground that it does not state facts

sufficient to constitute a cause of action in that it alleges an agreement not to be performed within the space of one (1) year from the making thereof, the said agreement or some memorandum or note thereof not being in writing signed by the party to be charged therewith or some person thereunto by him lawfully authorized, the action being for the breach of an alleged verbal contract, obnoxious to the Statute of Frauds (Section 7044, Code of 1942)."

Section 7044 of the Code of 1942, the Statute of Frauds, reads in part as follows: "No action shall be brought * * * upon any agreement that is not to be performed within the space of one year from the making thereof; unless the agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, * * *."

No issue is here made (nor in the Court below) that the appellant was not entitled to have its demurrer passed upon prior to a trial of the case. The appeal is from the order of the learned Circuit Judge is overruling the demurrer, without prejudice, and in the language following:

"It is conceded by counsel for the plaintiffs and the defendant that the intention of the parties is of controlling effect in determining whether the contract set forth in complaint violates the Statute of Frauds. The question of the possibility of performance of the contract within a period of one (1) year would have a vital effect on the conclusions reached thereabout. After carefully considering the matter and the able briefs filed by counsel for the respective parties, I am of the opinion that the issues sought to be raised by this demurrer can best be determined upon a trial of the issues after the facts are developed. Accordingly, I think the proper course to pursue would be to overrule the demurrer without prejudice to the defendant so that the issues can be presented at the trial.

"*It is therefore ordered,* That the demurrer herein be, and the same is, hereby overruled without prejudice."

300

There is no cross-appeal by the respondents from this order, and therefore, upon a trial of the case, the intention of the parties as to whether the contract was to be performed within one year will control whether the agreement is valid and enforceable and not within the Statute of Frauds, and will support an action for damages for the breach thereof. in other words, an affirmance of the order of Judge Lewis settles the law as applies to this case.

Definitely the law in this State, supported by the greater weight of authority from other States and by text-book writers generally is, that unless an alleged parol contract shows on its face that it is not capable of being performed within one year, it does not contravene the Statute of Frauds. There must be a negation of the right to perform the contract within a year. *McGehee v. Carolina Power Co.*, 187 S. C. 79, 196 S. E. 538; 49 Am. Jur., Statute of Frauds, Sections 25, 26 and 48.

There being nothing in the contract alleged in the complaint which negatives the right of the respondents to fully perform the contract within one year, and nothing appearing in the complaint as a whole from which it can be said that the contract could not be performed within one year, the order appealed from is affirmed.

FISHBURNE, STUKES, TAYLOR and OXNER, JJ., concur.