PER CURIAM.
The plaintiff appeals an interlocutory order in chancery which granted defendant’s motion to dismiss the complaint. No final order was entered.
The complaint alleged that “the plaintiff and defendant did enter into an oral agreement and understanding wherein and whereby they entered into a joint venture to purchase approximately 50 acres of unimproved land in Volusia County, Florida, more specifically described as follows [thereafter follows description] that the purchase price of $10,000 was to be paid for equally by each of the parties herein and that the profits, if any, were to be shared equally between them.” The relief sought was an accounting of profits.
The appellee urges that the bill of complaint alleges an oral contract to buy specific land and therefore comes within the purview of the statute of frauds, F.S.A. § 725.01.
A distinction is generally recognized between an oral contract which by its terms provides for transfer of specific land from one party to the other, and one which has as its subject matter an agreement between the contracting parties to procure such an estate from a person or persons not parties to the contract. The first is rendered unenforceable by the statute; the second is not. Russell v. Thielen, Fla.1955, 82 So.2d 143; see cases cited at 18 A.L.R. 484 et seq. and 95 A.L.R. 1242 et seq.
Reversed.
HORTON, C. J., and PEARSON and CARROLL, CHAS., JJ., concur.