GRIMES, Acting Chief Judge.
This appeal involves the applicability of the statute of frauds to an oral contract by the City of Clewiston to provide electricity to one of its customers.
The city operates an electrical distribution system through which it has served a B & B Cash Grocery store for many years. The electricity furnished to B & B is measured through a meter. Based upon meter readings, monthly billings have been rendered to B & B which have been promptly paid. There is no written contract between the parties pertaining to the delivery of electricity.
According to the city, B & B increased its demand for electricity in August of 1974 which required the installation of a new electric meter. In September of 1980, the city discovered that a potentiometer wire inside the meter box had been cut in half, thereby causing the meter to under measure the electric current being supplied to B & B. Upon checking its meter records, the city found that an “obvious” drop in B & B’s meter readings had occurred in late 1974. By comparing readings, the city concluded that B & B had been billed for approximately one half of its electric current usage for the period of January 1975 to September 2, 1980. When B & B refused to pay for the underbilling, the city sued B & B for back charges.
Among other defenses, B & B argued that the oral contract for the purchase and sale of electricity was unenforceable because it was an agreement not to be performed within one year as contemplated by the statute of frauds. § 725.01, Fla.Stat. (1981). As evidence of the parties’ intent for the contract to run for more than one year, B & B pointed to the fact that the city had provided it with electrical service for a much longer period of time. The court entered summary judgment for B & B upon this basis.
B & B relies upon a statement in Yates v. Ball, 132 Fla. 132, 181 So. 341 (1938), that an oral contract is within the statute of frauds if from the object to be accomplished and the surrounding circumstances it clearly appears the parties intended that it should extend for a period longer than a year. Yet, that same case also laid down the principle that an oral contract not defining the time for performance should not be construed to be within the statute of frauds where there is nothing in its terms to show that it could not be performed within a year according to its intent and the understanding of the parties.
Here, the city simply agreed to furnish electricity and B & B agreed to pay for it. According to the city’s practice, the electricity was billed and paid for on a *1040 monthly basis. B & B had bought electricity from the city for many years and presumably would continue to do so as long as it continued in business. However, B & B did not agree to purchase electricity at a time more than one year in the future. If B & B is in business more than one year hence, the city may be required to furnish it with electricity by virtue of its obligations as a public utility but not because it has contracted to do so. By the same token, if B & B’s business were to be destroyed before next year, the city could not successfully contend that B & B was contractually obligated to thereafter purchase electricity. At the most, the parties have an oral contract for the purchase and sale of electricity on a monthly basis.
Because we hold that the contract was not within the statute of frauds, there is no need for us to consider the city’s suggestion of part performance. We reverse the summary judgment and remand the case for further proceedings.
SCHEB and LEHAN, JJ., concur.