The DORAN JASON COMPANY OF MIAMI, INC., Plaintiff–Appellee,

v.

Nils LOU, et al., Defendants,

Ramma, N.V.—A Netherlands Antilles Corporation, Defendant–Appellant.

No. 88–5258.

United States Court of Appeals, Eleventh Circuit.

April 5, 1989.

Ted H. Bartelstone, Howard Hollander, Miami, Fla., for defendant-appellant.

Gary S. Brooks, Fine, Jacobson, Schwartz, Nasp, Block & England, Miami, Fla., for plaintiff-appellee.

Before KRAVITCH and HATCHETT, Circuit Judges, and MARKEY *, Chief Circuit Judge.

MARKEY, Chief Judge:

Ramma N.V. (Ramma), appeals from a judgment entered on a jury verdict for Doran Jason Company of Miami, Inc. (Jason) in Jason's suit for breach of an oral contract. We affirm.

## BACKGROUND

The facts of this case were explicated in the district court's reported opinion accompanying its granting of Defendants' Motion for Rehearing of Order of Summary Judgment, 675 F.Supp. 635 (S.D.Fla.1987). Hence we need not and do not reexplain here the intricacies of the brokerage con-

tract between the parties, the sale of the Flightway property, or the pretrial events. Of particular interest here, however, is the district court's grant of Ramma's pretrial motion for summary judgment with respect to Jason's charge that Ramma had breached the written contract between the parties because there was no evidence that Jason had fulfilled a condition precedent to Ramma's payment of a commission. *Id.* at 640. That condition required that Jason register the purchaser's name with Ramma in *writing* during the continuance of the agency relationship. *Id.* at 636.

Jason proceeded to trial on an alleged oral contract made after termination of the written contract. The jury returned special verdicts for Jason, finding that Ramma had entered an oral contract with Jason for the sale of the Flightway property, that Jason had fulfilled its obligations under that contract by bringing in Southeast Bank (Southeast) as a buyer, that Jason effected the sale of the land through continuous negotiations, and that Jason was entitled to $274,-428.00 as a broker's commission.

Ramma moved for judgment n.o.v. or a new trial on the grounds that the written contract's requirement for registration with Ramma in writing had been incorporated into the oral contract and Jason had failed to register purchaser Southeast in writing, that there was a lack of evidence to support the jury's finding that Jason was the procuring cause of the sale through continuous negotiations leading to the sale, and that the court had incorrectly granted Jason a directed verdict on Ramma's statute of frauds defense or wrongfully removed from the jury the issue of whether the parties had intended the oral contract to be performed over a period not less than one year, entitling Ramma to a new trial.[1]

In a thoughtful and comprehensive 20 page order, the district court addressed and refuted each of Ramma's arguments. In

---

* Honorable Howard T. Markey, Chief U.S. Circuit Judge for the Federal Circuit, sitting by designation.

1. On appeal Ramma reasserts each of those arguments, but gives short shrift to the reasoning given by the district court for denying Ramma's motion.

each instance the court was mindful of the standard of review applicable to judgments n.o.v. and new trial motions.

## OPINION

Our review of the record in light of the standard enunciated in *Boeing Co. v. Shipman*, 411 F.2d 365, 374 (5th Cir.1969) (en banc), reveals the presence of sufficient evidence to support the judgment and thus we affirm the district court's denial of Ramma's motion for judgment n.o.v. *See Walden v. United States Steel Corp.*, 759 F.2d 834 (11th Cir.1985) (applying the *Boeing* standard). Further, Ramma's assertions of error by the district court fall short of showing that the court abused its discretion in denying Ramma a new trial. *See Hewitt v. B.F. Goodrich Co.*, 732 F.2d 1554, 1556 (11th Cir.1984).

■ Contrary to Ramma's protestations, there was sufficient evidence for the jury to find that the written contract's condition precedent, to register in writing, was not incorporated in the parties' subsequent oral contract. We cannot agree with Ramma that there was a complete failure of proof by Jason that the oral contract omitted the condition precedent, nor do we agree that Jason's employee Macia "directly admitted" that it was incorporated. Our review of the testimony, including that of Mr. Macia, causes us to agree with the district court that when the testimony is considered in a light most favorable to Jason, as it must be, the jury could reasonably have found either that the condition precedent was not incorporated, or, if it were, that it required oral, not written, registration.[2]

■ Ramma's claim that there is no evidence to support the jury's finding that Jason had originated and engaged in continuous negotiations leading to the sale of

the Flightway property is equally meritless. We agree with the district court that "the jury could find, as it did, that Jason initiated the negotiations by its communications over an extended period of time and by sending sales brochures to Southeast." Ramma's attacks on that jury finding are based on the inferences it would draw, and are thus contrary to the decisional requirement that inferences are drawn in favor of the non-movant. Ramma and Southeast's use of comparable sales and price listings compiled and supplied by Jason further supports the jury's verdict, establishes the absence of abuse of discretion in the denial of a new trial on the issue, and wholly undermines Ramma's argument that Jason failed to prove it was the procuring cause of the sale.

■ Ramma says the district court erred in failing to direct a verdict or grant judgment n.o.v. for Ramma "where the evidence conclusively shows the parties intended the contract was to be performed for a period longer than a year."[3] Ramma is simply wrong. The only evidence it cites is Mr. Macia's testimony that he understood the contract would continue until the property was sold. Asked whether he understood that the contract would continue "indefinitely, maybe as long as six years?," Macia answered "Yes." That testimony fully supports the directed verdict granted Jason. Even with all inferences in Ramma's favor, that evidence cannot as a matter of law support a determination that the present oral contract is barred by the statute of frauds. "[T]o make a parol contract void, it must be apparent that it was the understanding of the parties that it was not to be performed within a year from the time it was made." *Yates v. Ball*, 132 Fla. 132, 181 So. 341, 344 (1937); *see Khawly v. Reboul*, 488 So.2d 856, 858 (Fla. 3d DCA

**2.** Ramma is similarly incorrect in asserting that "the great weight of evidence does not support the jury's verdict findings." Thus, the district court did not abuse its discretion in refusing to grant a new trial. *See Watts v. Great Atlantic & Pacific Tea Co.*, 842 F.2d 307, 310 (11th Cir. 1988).

**3.** The Florida statute of frauds, Fla.Stat. § 725.01 states in pertinent part:

No action shall be brought ... upon any agreement that is not to be performed within the space of one year from the making thereof, ... unless the agreement or promise upon which such action shall be brought, or some note or memorandum thereof shall be in writing and signed by the party to be charged therewith or by some other person by him thereto lawfully authorized.

1986). In sum, we agree with the district court the Ramma misconstrues the statute. "Although Macia did testify that the oral agreement *could* extend for more than one year, there was no testimony that the oral contract was *required* to extend for more than one year or that the parties *intended* that it would last more than one year." (Emphasis added).[4]

Ramma's final argument, that the court should not have removed the issue of intent of the parties from the jury, is similarly without merit. As the district court correctly stated, "the facts with regard to the intent of the parties are not disputed" and from all the circumstances "it appears that the parties did not intend that the contract not be performed in a period in excess of one year." As above indicated, the evidence here warranted deciding the issue as a matter of law. *See Evans v. Firestone*, 457 So.2d 1351 (Fla.1984) (court shall decide issue when no genuine dispute exists concerning material facts); *see, e.g., Central National Bank v. Central Bancorp.*, 411 So.2d 358, 362 (Fla. 3d DCA 1982) (statute of frauds facts not in dispute); *City of Clewiston v. B & B Cash Grocery Stores, Inc.*, 445 So.2d 1038 (Fla. 2d DCA 1984) (lack of intent apparent).

CONCLUSION

We affirm the district court's denial of Ramma's motion for judgment n.o.v. and new trial, and affirm the judgment entered on the verdict in favor of Jason.

AFFIRMED

---

**4.** Under Rule 28(j), Fed.R.App.P., Ramma calls attention to *All Brand Importers Inc. v. Tampa Crown Distributors, Inc.*, 864 F.2d 748 (11th Cir. 1989). The decision there, however, buttresses our present conclusion. In *All Brand*, the evidence showed that the parties intended the contract to be in effect for a period of years; *e.g.*, that it was *not* to be performed in less than one year.

Further, *All Brand* undercuts Ramma's argument that the intent issue should have gone to the jury. Tampa Crown's lack of evidence that the parties intended performance to be completed within a year equates with Ramma's lack of evidence that the parties intended performance of their contract *not* to occur within a year.