933 So.2d 1251 (2006)
BALLARD-CANNON DEVELOPMENT CORPORATION, a Florida corporation, A. Bowen Ballard, and Shane L. Cannon, Appellants,
v.
SANDMAN PROPERTIES AND DEVELOPMENT, LLC, a Florida Limited Liability corporation, and Mercer Williams, Jr., Appellees.
No. 1D05-4083.
District Court of Appeal of Florida, First District.
July 24, 2006.
William E. Bond, Jr. and Scott A. Remington of Clark, Partington, Hart, Larry, Bond & Stackhouse, Pensacola, for Appellants.
J. Nixon Daniel, III, Charles Wiggins, and Terrie L. Didier of Beggs & Lane, Pensacola, for Appellees.
PER CURIAM.
Ballard-Cannon Development Corporation ("B-C") appeals a directed verdict that found its purported oral contract with Appellees unenforceable under Florida's statute of frauds. See § 725.01, Fla. Stat. (2005). Appellees argue B-C waived its breach of contract argument when it acquiesced to the dismissal of that count in order to proceed, by way of its election of remedies, to a judgment on a separate count in its complaint. As the trial court correctly found the oral agreement unenforceable under the statute of frauds, we need not decide the waiver issue.
Directing a verdict, the trial court found the oral contract called for a transfer of an interest in land and could not be performed within one year. See id. Contrary to the court's ruling, an interest in land would not have been transferred between the parties under the contract. See Russell v. Thielen, 82 So.2d 143, 146 (Fla. 1955) ("`A contract between two persons to go into the business of buying and selling real estate as partners or as joint adventurers, sharing profits and losses *1252 thereof, is not within [Section 725.01, Florida Statutes] unless there is a provision for transfer of specific land from one party to the other.'" (quoting 2 Corbin on Contracts § 418)); see also McCloud v. Davison, 719 So.2d 995, 997 (Fla. 5th DCA 1998) ("An oral agreement between two or more persons to go into the business of buying and selling real estate as partners or as joint venturers and sharing profits and losses from it, is not within the purview of the Statute of Frauds . . . ."); Blynn v. Hirsch, 124 So.2d 314, 315 (Fla. 3d DCA 1960) ("A distinction is generally recognized between an oral contract which by its terms provides for transfer of specific land from one party to the other, and one which has as its subject matter an agreement between the contracting parties to procure an estate from a person or persons not parties to the contract. The first is rendered unenforceable by the statute; the second is not."). We affirm, however, on the finding that the contract could not be performed within a year.
Viewing the evidence in a light most favorable to the non-moving party, B-C, all parties intended to be involved with a real estate development project through its completion. See Collier v. Brooks, 632 So.2d 149, 154 (Fla. 1st DCA 1994) ("`[W]hen no time is agreed on for the complete performance of the contract, if from the object to be accomplished by it and the surrounding circumstances, it clearly appears that the parties intended that it should extend for a longer period than a year, it is within the statute of frauds, though it cannot be said that there is any impossibility preventing its performance within a year.'" (quoting Yates v. Ball, 132 Fla. 132, 181 So. 341, 344 (Fla. 1937))). B-C's own witnesses testified that it intended to be involved with the development of the project and that the project would take well over a year to complete.
Finally, as the evidence presented at trial was undisputed concerning B-C's intentions, the trial judge properly ruled on the issue of intent as a matter of law. See Khawly v. Reboul, 488 So.2d 856, 858 (Fla. 3d DCA 1986) (affirming directed verdict on a statute of frauds question because record "convinces [the court] that the parties intended to establish an ongoing concern, to extend well beyond a year"); see also Doran Jason Co. v. Lou, 868 F.2d 1547, 1550 (11th Cir.1989) (finding trial court correctly decided the issue of intent as a matter of law).
AFFIRMED.
KAHN, C.J., and ERVIN and VAN NORTWICK, JJ., concur.