JACOBUS, J.
Appellant, Howard Browning, timely appeals a final judgment entered on a motion for directed verdict made by Appellee, Lynn Anne Poirier. We reverse.
Browning and Poirier lived together in a romantic relationship beginning in 1991. While the two were still co-habiting, Poirier purchased a winning lottery ticket for the July 4, 2007 drawing. Poirier won $1,000,000, but refused to share the winnings with Browning.
Browning brought suit against Poirier. His second amended complaint contained five counts, including claims for breach of contract and unjust enrichment.[1] The breach of contract count alleged that “in approximately 1993, [the parties] entered into an oral agreement in which they each agreed to purchase lottery tickets jointly *978 on a frequent and regular basis, and to equally share in the proceeds of any winning lottery tieket(s).” The agreement was to apply whether the tickets were purchased “together, separately, in different locations, or at different times.... ” The count further alleged that “[t]his agreement was capable of being performed within one (1) year” and that the agreement had been “reaffirmed and/or ratified several times orally and by the parties’ conduct since 1993.” In her answer, Poirier denied the existence of the contract, but raised the statute of frauds as an affirmative defense to the claim. She also contended that any derivative claims would be barred by the statute of frauds.
At trial, Browning testified that the parties first made an agreement to share any lottery winnings in 1992. He explained that “the agreement that we had since we were buying tickets that we would go in and buy them together and we would play together and that if we win, we would split the money.” The agreement had most recently been reaffirmed in 1993, although Browning conceded that the agreement was to be effective only as long as they were in a romantic relationship and he had friendships with other women. He claimed that Poirier had purchased the winning ticket on the night of June 2, 2007, when they had stopped at the convenience store together to buy more tickets for the upcoming raffle; that he had given Poirier twenty dollars with which to purchase the ticket; and that they had both purchased tickets that night, but there was someone between them in line, because they wanted to purchase non-consecutive tickets.
At the close of Browning’s case, the trial court granted a directed verdict on the claim for breach of contract, finding that the action was barred by the statute of frauds because it was not in writing as required for a contract “not to be performed within the space of 1 year from the making thereof....” See § 725.01, Fla. Stat. (2007). The trial court also granted a directed verdict on Browning’s claim for unjust enrichment, holding that a party seeking to enforce an express contract cannot simultaneously disavow the contract and seek equitable relief in quasi-contract. Final judgment was then entered in favor of Poirier.
The threshold issue presented by this case is whether Browning’s action is barred by the statute of frauds. We hold that it is not. The statute provides in relevant part that:
No action shall be brought ... upon any agreement that is not to be performed within the space of 1 year from the , making thereof ... unless the agreement or promise upon which such action shall be brought, or some note or memorandum thereof shall be in writing and signed by the party to be charged therewith or by some other person by her or him thereunto lawfully authorized.

Id.

The general rule is that the statute of frauds bars enforcement of oral contracts which by their terms are not to be performed within a year. Yates v. Ball, 132 Fla. 132, 181 So. 341, 344 (1937). The fact that a contract may not be performed within a year does not bring it within the statute. Id. “In other words, to make a parol contract void, it must be apparent that it was the understanding of the parties that it was not to be performed within a year from the time it was made.” Id.
Contracts for an indefinite period generally do not fall within the statute of frauds. Id.; Restatement (Second) of Contracts § 130 cmt. (a) (1981) (“Contracts of uncertain duration are simply excluded; the provision covers only those contracts whose performance cannot possi *979 bly be completed within a year.”). As the court explained in Yates:
When, as in this case, no definite time was fixed by the parties for the performance of their agreement, and there is nothing in its terms to show that it could not be performed within a year according to its intent and the understanding of the parties, it should not be construed as being within the statute of frauds. 25 R.C.L. 456, and cases cited. 25 R.C.L. 458.
Id. at 344. However, the general rule is subject to a “qualifying rule” that:
when no time is agreed on for the complete performance of the contract, if from the object to be accomplished by it and the surrounding circumstances, it clearly appears that the parties intended that it should extend for a longer period than a year, it is within the statute of frauds, though it cannot be said that there is any impossibility preventing its performance within a year.

Id.

In arguing that enforcement of the contract was barred by the statute, Poirier relies on the qualifying rule outlined in Yates. She contends that parties did not intend for the agreement to be fully performed within one year as it was a “perpetual” agreement with no termination date. The flaw in her argument is the assumption that the agreement was intended to be “perpetual.” It was simply an agreement for an indefinite term which, according to Browning’s testimony, was to continue as long as the parties were involved in a romantic relationship. Although the parties contemplated that the relationship would last more than one year, there was nothing in the agreement, which was terminable at will, to show that it could not be performed within one year, or which required performance for a period of time exceeding one year. Hence, Browning’s suit for breach of contract is not barred by the statute. See, e.g., Wilcox v. Lang Equities, Inc., 588 So.2d 318 (Fla. 3d DCA 1991) (holding that statute of frauds did not bar action by hotel owner to enforce agreement pursuant to which corporation was to sell vacation packages and to remit hotel fees to hotel owner, although agreement lasted more than a year and was for indefinite period; agreement was not within the statute of frauds because no definite time was fixed for performance and there was nothing in the terms to show that it could not be performed within one year); Gulf Solar, Inc. v. Westfall, 447 So.2d 363 (Fla. 2d DCA 1984) (holding that statute of frauds did not bar action by employee under oral at will employment contract although parties contemplated employment would last more than one year); Hope v. National Airlines, 99 So.2d 244 (Fla. 3d DCA 1957) (recognizing that oral contract that employee would be employed as long as corporation was in business is generally not barred by the statute of frauds); Restatement (Second) of Contracts § 130 Illus. BB R3.4 (1981) (stating that contract that A will provide grading and B will construct a switch and maintain it as long as A needs it for shipping purposes is not barred by the statute of frauds, although A uses switch for 15 years); see also McGehee v. South Carolina Power Co., 187 S.C. 79, 196 S.E. 538 (1938) (recognizing that use of the word “indefinite” does not mean perpetually, but means uncertain as to time). The contract at issue is similar to, if not indistinguishable from, those involved in employment cases in which an employee is hired for an indefinite period. The employment contracts are considered terminable at will by either party and are enforceable although not in writing because the contracts do not fall within the statute of frauds. See, e.g., Richey v. Modular Designs, Inc., 879 So.2d 665 (Fla. 1st DCA 2004) (concluding that statute of frauds did *980 not bar recovery because salaried employee’s contract was terminable at will, with indefinite duration; his claim was for commissions earned for past services and there was no evidence contract was intended to last beyond one year); Cabanas v. Womack & Bass, P.A., 706 So.2d 68 (Fla. 8d DCA 1998) (finding that statute of frauds did not bar claim for breach of oral employment contract for indefinite time, that was terminable at will by either party, which had been fully performed by employee, where employee was hired for work that did not require his performance beyond one year).
The cases cited by Poirier are distinguishable. They involve mostly business contracts in which the intended term of performance, while indefinite, was plainly more than one year. See, e.g., LynkUs Commc’ns, Inc. v. WebMD Corp., 965 So.2d 1161 (Fla. 2d DCA 2007) (holding that oral agreement to establish new business to continue indefinitely is barred by the statute of frauds); Ballard-Cannon Dev. Corp. v. Sandman Prop. and Dev., LLC, 933 So.2d 1251 (Fla. 1st DCA 2006) (holding that action on development contract was barred by statute of frauds, where developer’s own witnesses acknowledged that development of project would take well over a year to complete); Hosp. Corp. of Am. v. Assocs. in Adolescent Psychiatry, 605 So.2d 556 (Fla. 4th DCA 1992) (holding that oral agreement to operate joint venture for a period of fifteen years was barred by the statute of frauds, although it was conditioned on obtaining certificate of need); Khawly v. Reboul, 488 So.2d 856 (Fla. 3d DCA 1986) (holding that oral agreement to form corporation and operate sportswear business was barred by the statute of frauds, as parties intended business to continue for more than one year); Weinsier v. Soffer, 358 So.2d 61 (Fla. 3d DCA 1978) (holding that oral agreement to enter into business and share losses in ongoing business that was to continue indefinitely was barred by the statute of frauds); Food Fair Stores, Inc. v. Vanguard Invs. Co. Ltd., 298 So.2d 515 (Fla. 3d DCA 1974) (holding that parties to oral agreement with grocery chain were not allowed to enforce oral agreement which provided that any future stores of particular chain built in the Bahamas would be operated jointly by the parties, because contract was not to be performed within one year and thus came within the statute of frauds).
The line distinguishing these types of cases can sometimes be unclear. However, we are confident that the oral contract in this case is not barred by the statute of frauds because there is no evidence the contract (as opposed to the relationship) was intended to last for a period of more than a year. Moreover, we reverse the directed verdict on this count because the evidence, viewed in a light most favorable to Browning, could sustain a verdict in favor of Browning. See Benitez v. Joseph Trucking, Inc., 68 So.3d 428, 429 (Fla. 5th DCA 2011) (“A motion for directed verdict should be granted only where there is no reasonable evidence upon which a jury could legally predicate a verdict in favor of the moving party.”).
We also reverse the dismissal of Browning’s count for unjust enrichment. The trial court dismissed this count on the basis of Tobin & Tobin Ins. Agency, Inc. v. Zeskind, 315 So.2d 518 (Fla. 3d DCA 1975). Logically, a party whose contract is unenforceable due to the statute of frauds cannot recover for unjust enrichment, as the law will not imply a contract where an express contract exists regarding the same subject matter. Kovtan v. Frederiksen, 449 So.2d 1, 1 (Fla. 2d DCA 1984). Thus, once it is shown that an express contract exists, the claim for unjust enrichment necessarily fails. Real Estate Value Co. Inc. v. Carnival Corp., 92 So.3d 255, 262 n. *981 2 (Fla. 8d DCA 2012). Here, however, Poirier denied the existence of an express contract and the jury has yet to determine whether an express contract exists. Under these circumstances, the two claims can be maintained simultaneously. Id., ThunderWave, Inc. v. Carnival Corp., 954 F.Supp. 1562, 1566 (S.D.Fla.1997) (citing Hazen v. Cobb, 96 Fla. 151, 117 So. 853, 857-58 (1928)).
REVERSED and REMANDED.
TORPY, J., concurs.
SAWAYA, J., concurs in part, dissents in part, with opinion.

. The remaining claims were waived by Browning prior to trial.