ON MOTION FOR REHEARING EN BANC
PER CURIAM.
We grant the motion for rehearing en banc, withdraw the panel opinion, and substitute the following opinion in its place.
This is an appeal filed by Howard Browning seeking review of a final judgment entered on a motion for directed verdict made by Appellee, Lynn Anne Poi-rier. We affirm in part and reverse in part.
Browning testified at trial that he and Poirier became romantically involved in 1991 and started living together that year. He moved into Poirier’s house and remained there cohabitating with her in a romantic relationship until approximately 2009. He further testified that in 1993, they entered into an oral agreement to split the proceeds of any lottery tickets they may purchase and that this agreement was to last as long as they remained romantically involved. Some fourteen years after the alleged agreement was made, and while the parties were still romantically involved and living together, Poirier purchased the winning ticket on June 2, 2007, and collected one million dollars minus deductions for taxes. Browning subsequently requested half of the proceeds, but Poirier refused. Browning then filed the underlying suit for breach of an oral contract and unjust enrichment seeking half of the proceeds. Poirier denied the existence of any oral agreement to split future lottery proceeds and interposed the defense of the statute of frauds.
At the close of Browning’s case, Poirier moved for a directed verdict on both counts of Browning’s complaint. The trial court granted a directed verdict on the claim for breach of oral contract, finding that the action was barred by the statute of frauds. § 725.01, Fla. Stat. (2007). The trial court also granted a directed verdict on Browning’s claim for unjust enrichment, holding that a party seeking to enforce an express contract cannot simultaneously disavow the contract and seek equitable relief in quasi-contract. Final judgment was then entered in favor of Poirier.
We believe the trial court was correct in granting a directed verdict pursuant to the statute of frauds, which provides in pertinent part:
No action shall be brought ... upon any agreement that is not to be performed within the space of 1 year from the making thereof ... unless the agreement or promise upon which such action shall be brought, or some note or memorandum thereof shall be in writing and signed by the party to be charged therewith or by some other person by her or him thereunto lawfully authorized.
§ 725.01, Fla. Stat. (2007). The leading case interpreting this statute is Yates v. Ball, 132 Fla. 132, 181 So. 341 (1937), wherein the court explained:
[Wjhen no time is agreed on for the complete performance of the contract, if from the object to be accomplished by it and the surrounding circumstances, it clearly appears that the parties intended that it should extend for a longer period than a year, it is within the statute of frauds, though it cannot be said that there is any impossibility preventing its performance within a year.
Id. at 344. The trial court granted the directed verdict concluding that “the intent was that the contract was to last and it did last, as it turns out, much longer than a year.”
*146 Turning to the evidence in the record, the proponent of the alleged oral contract was Browning, and he testified that the oral contract was to last as long as he and Poirier were in a romantic relationship. Even the majority in the original panel opinion stated that “the parties contemplated that the relationship would last more than one year .... ” Indeed, Browning presented testimony from witnesses he called, including his three children, his ex-wife, and his son-in-law, that painted a picture for the jury that Browning intended to be, and was, in a committed relationship with Poirier for an extended period of time spanning many years after 1993.[1] Browning’s ex-wife even testified that Poi-rier had established a loving relationship with Browning’s grandchildren.
Moreover, Browning presented evidence and testimony that when he moved into Poirier’s house in 1991, the house was in need of renovation and over the ensuing years, he spent his own money performing a variety of extensive repairs to the home. Browning further testified that he and Poi-rier started a business together raising and selling dogs and that he built dog pens on Poirier’s property next to her house where they lived together to promote that business. Remember that since 1991, Browning and Poirier remained together for approximately sixteen years prior to the purchase of the winning lottery ticket, and when Browning was asked, “During-— throughout the time that you were with her, did you plan on staying with her,” Browning answered, “Yes, sir.” In fact, Browning further testified that he stayed with Poirier in her home and remained in a “romantic and sexual relationship” with her until 2009. To suggest that these parties intended and agreed in 1993 that they would win the lottery, split the proceeds, and dissolve their romantic relationship in the span of one year, and that they intended anything other than a long-term relationship is belied by Browning’s own testimony and the testimony of his own witnesses.
Taking the evidence in the light most favorable to Browning and drawing the reasonable inferences in his favor, the trial court decided to grant Poirier’s motion for directed verdict as to the breach of the oral contract count and we believe it was correct in doing so.
Regarding the count for unjust enrichment, Browning alleged and testified that he gave Poirier the money to purchase the winning ticket and that they jointly purchased the ticket together with the implied understanding that they would share in the proceeds. Taking the evidence presented in the light most favorable to Browning, we do not believe the trial court properly granted a directed verdict in favor of Poirier on that count.
Accordingly, we affirm the judgment under review regarding the count for breach of the alleged oral contract, but reverse that part of the judgment regarding the count for unjust enrichment and remand this case to the trial court for further proceedings.
We certify to the Florida Supreme Court the following question as a matter of great public importance:
Is an oral agreement to play the lottery and split the proceeds in the event a *147 winning ticket is purchased unenforceable under the statute of frauds when: there is no time agreed for the complete performance of the agreement; the parties intended the agreement to extend for a period longer than one year and it did extend for a period of fourteen years; and it clearly appears from the surrounding circumstances and the object to be accomplished that the oral agreement would last longer than one year?
AFFIRMED in part; REVERSED in part; REMANDED; QUESTION CERTIFIED.
SAWAYA, PALMER, ORFINGER, COHEN, BERGER and WALLIS, JJ., concur.
LAWSON, J., concurs specially, with opinion, in which ORFINGER, J., concurs.
TORPY, C. J.,

. The evidence revealed that Browning did not pay rent to Poirier and that later in their relationship-a few years before the winning ticket was purchased — Browning may have seen other women. Browning also could not produce most of the receipts for the extensive repairs he claims he made to Poirier’s home. The testimony from these witnesses Browning called was apparently presented to show the jury that Browning was not a person who simply took advantage of Poirier over the many years their relationship lasted.