# Supreme Court of Florida

_____

No. SC13-2416
_____

**HOWARD BROWNING,**
Petitioner,

vs.

**LYNN ANNE POIRIER,**
Respondent.

[May 28, 2015]

POLSTON, J.

We review the decision of the Fifth District Court of Appeal in Browning v.

Poirier, 128 So. 3d 144 (Fla. 5th DCA 2013), a case in which the Fifth District

certified a question of great public importance.[1]  We rephrase the certified question

to the following as suggested by Chief Judge Torpy:

> Is a terminable-at-will agreement to pool lottery winnings
> unenforceable in the absence of an express agreement to continue the
> agreement for a period of time exceeding one year, when full
> performance of the agreement is possible within one year from the
> inception of the agreement[?]

_____

1.  We have jurisdiction.  See art. V, § 3(b)(4), Fla. Const.

Id. at 155 (Torpy, C.J., concurring in part and dissenting in part). We answer the rephrased question in the negative and quash the Fifth District's decision.

## I. BACKGROUND

Petitioner Howard Browning and Respondent Lynn Anne Poirier lived together in a romantic relationship beginning in 1991. Id. at 145. In approximately 1993, the parties entered into an oral agreement in which they each agreed to purchase lottery tickets and to equally share in the proceeds of any winning lottery tickets. Id. On June 2, 2007, Poirier purchased a winning ticket and "collected one million dollars minus deductions for taxes." Id. When Browning requested half of the proceeds, Poirier refused, and Browning filed the underlying suit for breach of an oral contract and unjust enrichment. Id. However, Poirier denied the existence of any oral agreement to split lottery proceeds and raised the defense of the statute of frauds. Id.

At the close of Browning's case, Poirier moved for a directed verdict on two counts in Browning's complaint, and the trial court granted the directed verdict on both counts. Id. Specifically, the trial court granted a directed verdict on Browning's claim for breach of an oral contract, finding that the action was barred by the statute of frauds. Id. Additionally, the trial court "granted a directed verdict on Browning's claim for unjust enrichment, holding that a party seeking to enforce an express contract cannot simultaneously disavow the contract and seek equitable

relief in quasi-contract." Id.  The trial court entered final judgment in favor of

Poirier.  Id.

On appeal, a panel of the Fifth District entered an opinion on March 8, 2013,

reversing the trial court.  Browning v. Poirier, 113 So. 3d 976 (Fla. 5th DCA

2013), withdrawn and superseded on reh'g en banc by 128 So. 3d 144 (Fla. 5th

DCA 2013).  However, the Fifth District granted a motion for rehearing en banc,

withdrew the panel opinion, and substituted an opinion in its place on November 8,

2013.  Browning, 128 So. 3d at 145.

Regarding Browning's claim for breach of an oral contract, the Fifth District

looked to the statute of frauds as stated in section 725.01, Florida Statutes, and the

"leading case interpreting this statute," Yates v. Ball, 181 So. 341 (1937), to find

that "the trial court was correct in granting a directed verdict" and correct to

"conclude[ ] that 'the intent was that the contract was to last and it did last, as it

turns out, much longer than a year.' "  Browning, 128 So. 3d at 145-46.

Specifically, the Fifth District discussed that Browning and Poirier intended the

oral contract to last as long as they were in a romantic relationship, and " 'the

parties contemplated that the relationship would last more than one year . . . .' "

Id. at 146 (quoting Browning, 113 So. 3d at 979).

Therefore, the Fifth District "affirm[ed] the judgment under review

regarding the count for breach of the alleged oral contract, but reverse[d] that part

of the judgment regarding the count for unjust enrichment and remand[ed] this case to the trial court for further proceedings." Id.

## II. ANALYSIS

In this Court, Browning argues that his oral agreement with Poirier to equally share in the proceeds of any winning lottery tickets they purchased falls outside the statute of frauds. We agree.[2]

Section 725.01, Florida Statutes, commonly referred to as the statute of frauds, provides the following:

> No action shall be brought . . . upon any agreement that is <u>not to be performed within the space of 1 year from the making thereof</u> . . . unless the agreement or promise upon which such action shall be brought, or some note or memorandum thereof shall be in writing and signed by the party to be charged therewith or by some other person by her or him thereunto lawfully authorized.

(Emphasis added.) The issue here focuses on interpreting the one year performance provision of the statute of frauds for oral agreements of indefinite duration, where no time is fixed by the parties for the performance of their agreement.

In 1937, with its decision in <u>Yates</u>, 181 So. 341, this Court interpreted the one year performance provision of the statute of frauds. Yates, the plaintiff, was

---

2. We review this legal question de novo. See <u>Christensen v. Bowen</u>, 140 So. 3d 498, 501 (Fla. 2014) ("The rephrased certified question presents a pure question of law, which is reviewed de novo.").

the holder by assignment of second mortgage bonds secured by a trust deed, falling due approximately four years from the date of entering the agreement. Id. at 342. The defendant contended that the agreement was within the statute of frauds. Id. at 344. In its analysis, this Court in Yates set out the following general and qualifying rules for interpreting the statute of frauds:

> When, as in this case, no definite time was fixed by the parties for the performance of their agreement, and there is nothing in its terms to show that it could not be performed within a year according to its intent and the understanding of the parties, it should not be construed as being within the statute of frauds.
> The general rule so stated is subject to the qualifying rule that when no time is agreed on for the complete performance of the contract, if from the object to be accomplished by it and the surrounding circumstances, it clearly appears that the parties intended that it should extend for a longer period than a year, it is within the statute of frauds, though it cannot be said that there is any impossibility preventing its performance within a year.

Id. (citations omitted).

After setting out these rules, this Court in Yates reversed a directed verdict and held that the oral agreement at issue was not subject to the statute of frauds. Id. at 344-45. This Court stated that "[w]hile the second mortgage bonds were not due for four years and the interest was payable semi-annually, they were by their terms susceptible of payment in full at any time upon notice given . . . ." Id. at 344. This Court reasoned as follows:

> In our view, the agreement sued on was clearly within the general rule as here stated. It contains no express provision that it should not be performed within a year, nor is there anything embraced

within its terms that shows conclusively that it was intended to run for more than a year. Under its terms, it is susceptible of performance within a year, and the evidence shows that it was expected to have been performed within that time. When such is the case, even if actual performance runs beyond the year, it is not within the statute of frauds.

Id. at 344-45.

Although the Yates decision was inartful in its discussion of a general and qualifying rule,[3] the manner in which this Court applied the statute of frauds in Yates is in accord with the majority approach to interpreting a statute of frauds:

It is well settled that the oral contracts made unenforceable by the statute because they are not to be performed within a year include only those which cannot be performed within that period. A promise which is not likely to be performed within a year, and which in fact is not performed within a year, is not within the statute if at the time the contract is made there is a possibility in law and in fact that full performance such as the parties intended may be completed before the expiration of a year.

9 Williston on Contracts § 24:3 (4th ed. 2011) (emphasis in original) (footnotes omitted). Stated otherwise, judging from the time the oral contract of indefinite duration is made, if the contract's full performance is possible within one year from the inception of the contract, then it falls outside the statute of frauds. See Acoustic Innovations, Inc. v. Schafer, 976 So. 2d 1139, 1143 (Fla. 4th DCA 2008); Wilcox v. Lang Equities, Inc., 588 So. 2d 318, 320 (Fla. 3d DCA 1991); Gulf

---

3. We recede from Yates to the extent that the general and qualifying rule there conflicts with our decision today.

- 6 -

Solar, Inc. v. Westfall, 447 So. 2d 363, 366 (Fla. 2d DCA 1984); but see LynkUs Commc'ns, Inc. v. WebMD Corp., 965 So. 2d 1161, 1165 (Fla. 2d DCA 2007); Khawly v. Reboul, 488 So. 2d 856, 858 (Fla. 3d DCA 1986).

In this case, the oral agreement between Browning and Poirier is one of indefinite duration because, as the general rule in Yates states, "no definite time was fixed by the parties for the performance of their agreement." Yates, 181 So. at 344. Additionally, "at the time the contract [was] made there is a possibility in law and in fact that full performance" of the agreement between Browning and Poirier could have been "completed before the expiration of a year." 9 Williston on Contracts § 24:3. For example, if Browning or Poirier purchased a winning lottery ticket and they split the proceeds before the expiration of one year, the agreement would have been fully performed before the expiration of one year. Alternatively, either Browning or Poirier could have ended the agreement at any time. Accordingly, judging from the time the oral contract was made, nothing in the terms of their contract demonstrates that it could not be performed within one year.

## III. CONCLUSION

Because the oral agreement between Browning and Poirier could have possibly been performed within one year, it falls outside the statute of frauds. Accordingly, we answer the rephrased question in the negative. We quash the Fifth District's decision and remand for further proceedings.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, and PERRY, JJ., concur.
CANADY, J., recused.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND
IF FILED, DETERMINED.

Application for Review of the Decision of the District Court of Appeal - Certified
Great Public Importance

    Fifth District - Case No. 5D12-1823

    (Seminole County)

Sean Patrick Sheppard of the Sheppard Firm, P.A., Fort Lauderdale, Florida,

    for Petitioner

Mark Alexander Sessums and Lauren E. Jensen of the Sessums Law Group, P.A.,
Lakeland, Florida,

    for Respondent