# Third District Court of Appeal

## State of Florida

Opinion filed October 18, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D20-663 & 3D20-1014
Lower Tribunal Nos. 16-18355 & 18-40723

_____


**Miami Dade College**,
Appellant,

vs.

**Nader + Museu I, LLLP**,
Appellee.


Appeals from the Circuit Court for Miami-Dade County, Jacqueline Hogan Scola and Carlos Guzman, Judges.

Mark Migdal & Hayden and Jose M. Ferrer, for appellant.

David J. Winker, P.A., and David J. Winker, for appellee.


Before EMAS, FERNANDEZ and LOBREE, JJ.

LOBREE, J.

Miami Dade College ("MDC") appeals two trial court orders denying its

motions to offset a larger judgment in its favor against Nader + Museu I, LLLP ("Nader")'s smaller judgment in another case. As Florida law provides that offsetting competing judgments is proper when separate judgments would create an absurd result, we reverse.

## BACKGROUND

This proceeding arises from a series of lawsuits between Nader and MDC relating to a bid protest dispute where Nader contended MDC should have selected it over three other proposers that responded to a public-private partnership solicitation for the development of publicly owned property in Miami. At issue are two of the underlying lawsuits that produced competing judgments between the parties.

### I. The First Lawsuit

In 2016, Nader filed suit against MDC seeking: (1) a declaration that it was not required to post a bid protest bond; and (2) a temporary injunction preventing MDC from requiring Nader to post such a bond. In July 2016, the trial court granted Nader's request for a temporary injunction. MDC filed a petition for a writ of prohibition in this Court seeking to prevent the trial court from entertaining Nader's complaint. This Court dismissed the petition as premature and granted Nader's motion for appellate attorneys' fees. The matter was then remanded for the trial court to fix the amount of appellate

2

attorneys' fees.

## II. The Second Lawsuit

At the time of the first lawsuit, Nader also filed a formal bid protest with the Division of Administrative Hearings ("DOAH") pursuant to section 120.57(3), Florida Statutes. In 2018, the administrative judge in the DOAH proceeding entered an order awarding MDC its attorneys' fees and costs against Nader in the amount of $82,189.50, plus interest. MDC subsequently filed a petition to enforce that attorneys' fee award in the trial court after Nader failed to pay the judgment. The trial court granted the petition and entered final judgment in MDC's favor for the full amount of the DOAH award. That judgment, however, remains unpaid because Nader is insolvent.

## III. MDC's Efforts to Offset the Judgments

The remanded appellate attorneys' fee matter from the first lawsuit remained pending until 2019. During that time, MDC filed a motion to offset the forthcoming appellate attorneys' fee award, asserting the judgment in the second lawsuit exceed the maximum amount Nader sought as attorneys' fees. Nader's previous and then current attorneys' also filed notices of attorney charging liens seeking to recover fees for unpaid services against the impending appellate attorneys' fee award.

The trial court held a hearing and subsequently denied MDC's motion

3

to offset, finding it had "no jurisdiction over the judgment" entered in the second lawsuit. It further awarded Nader $54,710.00 in appellate attorneys' fees. MDC then filed a motion to offset in the second lawsuit, arguing that Nader's appellate attorneys' fee judgment should be offset from the amount of the previously entered judgment in its favor. The trial court in the second lawsuit denied the motion. These consolidated appeals followed.

## STANDARD OF REVIEW

This case presents a pure question of law and is reviewed de novo. See Browning v. Poirier, 165 So. 3d 663, 664 n.2 (Fla. 2015); Cornerstone SMR, Inc. v. Bank of Am., N.A., 163 So. 3d 565, 568 (Fla. 4th DCA 2015) (stating that set off "is a pure question of law reviewed *de novo*, and 'no deference is given to the judgment of the lower courts'" (quoting D'Angelo v. Fitzmaurice, 863 So. 2d 311, 314 (Fla. 2003)).

## ANALYSIS

Florida law provides that courts may offset competing judgments when the entry of separate judgments would create an absurd result. See Angel Home Health Care, Inc. v. Mederi of Dade Cnty., Inc., 696 So. 2d 487, 488 (Fla. 3d DCA 1997) (reversing and remanding with instructions to set off judgments where "the two final judgments entered in this case will result in a great injustice if, as it appears possible, Mederi is insolvent. If this is the

4

case, Mederi would be entitled to collect on its judgment of $6,432.00 while Angel Home would be unable to collect on its greater judgment. Such a result would be totally absurd."); <u>Tubbs v. Mechanik Nuccio Hearne & Wester, P.A.</u>, 125 So. 3d 1034, 1044 (Fla. 2d DCA 2013) (finding "[a] result allowing Mechanik Nuccio to collect more than $355,000 from the Tubbses based on a derivative right of Mechanik Nuccio's client, RC Highlands" totally absurd where RC Highlands was insolvent and "owed the Tubbses more than $8,000,000 on the judgment that they held against it"); <u>Lombardo v. Haige</u>, 971 So. 2d 1037, 1038–39 (Fla. 2d DCA 2008) (noting that setting off separate fees and costs order in favor of tenant against judgment for unpaid rent in favor of landlord would be proper).

Nader contends this case is distinguishable from prior precedent because the judgments here did not arise from a single proceeding or unit of litigation. According to Nader, parties are prohibited from seeking to offset competing judgments from separate lawsuits. We find this contention is without merit, as this Court has previously offset competing judgments from separate lawsuits. <u>See</u> <u>Fonseca v. Taverna Imports, Inc.</u>, 212 So. 3d 431, 448 (Fla. 3d DCA 2017) (reversing order that denied motion to set off competing judgments from separate cases when allowing two judgments to stand would give one party "the power to wipe out [the other party's] million-

5

dollar judgment" against them).

Nader further argues the trial courts' orders should be affirmed because the attorneys' charging liens have priority over MDC's right to offset. Florida law, however, provides that "[t]he right of set-off prevails in general cases, so as to interfere with the solicitor's lien upon the debt recovered." Carter v. Bennett, 6 Fla. 214, 217 (1855). Further, the attorneys' charging liens attached to the judgment in the first lawsuit, which was entered after the judgment in the second lawsuit. Nichols v. Kroelinger, 46 So. 2d 722, 724 (Fla. 1950) ("At common law the attorney's charging lien attached to the judgment, rather than to the cause of action."). "[A] pre-existing judgment is superior to a charging lien on a later acquired judgment." In re Diplomat Elec., Inc., 499 F.2d 342, 349 n.6 (5th Cir. 1974). Therefore, the attorney's charging liens do not have priority because the judgment in MDC's favor is superior.

As an alternative, Nader asserts the trial court's decision should be affirmed in the second lawsuit because collateral estoppel barred MDC from filing its setoff motion there.[1] "[C]ollateral estoppel, also known as issue

---

[1] Nader also argues the trial court's order in the second lawsuit must be affirmed pursuant to Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150 (Fla. 1979), because MDC failed to provide a transcript of the hearing on that motion. We find this argument meritless as the issue presented here is a pure question of law and the absence of a transcript is not fatal to our

6

preclusion, applies where: (1) the identical issues were presented in a prior proceeding; (2) there was a full and fair opportunity to litigate the issues in the prior proceeding; (3) the issues in the prior litigation were a critical and necessary part of the prior determination; (4) the parties in the two proceedings were identical; and (5) the issues were actually litigated in the prior proceeding." Pearce v. Sandler, 219 So. 3d 961, 965 (Fla. 3d DCA 2017) (quoting Topps v. State, 865 So. 2d 1253, 1255 (Fla. 2004)). For the bar of collateral estoppel to apply, the matter had to be "fully litigated and determined in a contest which result[ed] in a final decision of a court of competent jurisdiction." Zimmerman v. State, Off. of Ins. Regulation, 944 So. 2d 1163, 1167 (Fla. 4th DCA 2006) (quoting GLA & Assocs., Inc. v. City of Boca Raton, 855 So. 2d 278, 281 (Fla. 4th DCA 2003)); see also Pleasure v. State, 931 So. 2d 1000, 1002 (Fla. 3d DCA 2006) ("For the bar of collateral estoppel to apply, the prior decision must have been on the merits.").

Here, we find collateral estoppel did not apply because the matter was

---

review. See Rollet v. de Bizemont, 159 So. 3d 351, 357 (Fla. 3d DCA 2015) ("Where the hearing at issue is non-evidentiary and consists only of legal argument, the failure to provide a transcript is not necessarily fatal to appellate review."); Ronbeck Constr. Co. v. Savanna Club Corp., 592 So. 2d 344, 348 (Fla. 4th DCA 1992) ("The rule of Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150 (Fla. 1979), applies only where the trial court's decision turns on its resolution of contested facts. Here the trial court faced a pure legal question.").

7

not fully litigated or determined in the first lawsuit as the trial court's decision was not merits based. "A judgment is upon the merits when it amounts to a declaration of the law as to the respective rights and duties of the parties based upon the ultimate facts disclosed by the pleadings and evidence and upon which the right of recovery depends, irrespective of formal, technical, or dilatory objections or contentions." J. Schnarr & Co. v. Virginia-Carolina Chem. Corp., 159 So. 39, 42 (Fla. 1934). An order finding a "lack of jurisdiction is not [a determination] on the merits." Neapolitan Enters., LLC v. City of Naples, 185 So. 3d 585, 591 (Fla. 2d DCA 2016).

The trial court in the first lawsuit did not declare the rights or duties of Nader or MDC based on the ultimate facts—rather, the trial court simply concluded it did not have jurisdiction over the judgment in the second lawsuit. Thus, MDC was not barred by collateral estoppel from filing its motion to offset in the second lawsuit because there was no "'clear-cut former adjudication' on the merits." Suniland Assocs., Ltd. v. Wilbenka, Inc., 656 So. 2d 1356, 1358 (Fla. 3d DCA 1995) (quoting Dep't of Health & Rehab. Servs. v. LaPlante, 470 So. 2d 832, 834 (Fla. 2d DCA 1985)).

**CONCLUSION**

Accordingly, we find that the trial courts erred in failing to grant the motions to offset as allowing the separate judgments to stand would create

8

an absurd result—namely, one where Nader would collect on its judgment and receive a windfall benefit while MDC would be left unable to collect on its greater judgment due to Nader's insolvency.

Reversed and remanded for further proceedings consistent with this opinion.